PER CURIAM.
Richard Henry Knox Brooks (husband) appeals contending the trial court erroneously entered an amended injunction against domestic violence without giving him notice and an opportunity to be heard. We agree and reverse.
Patricia Ann Barrett (wife) filed a petition for injunction for protection against domestic violence on August 2, 1995. A temporary injunction was entered. The husband answered denying the wife’s allegations and petitioned for dissolution of marriage. He sought a protective injunction against the wife. A hearing was held August 14, 1995. According to the husband, the parties orally agreed to settle the matter by agreeing to a mutual injunction against domestic violence, which incorporated temporary custodial/visitation/support arrangements with respect to their minor children.
Both parties were charged with violations of the mutual injunction against domestic violence. The judge considering the indirect criminal contempt charge against the wife entered an order dismissing the charge, ruling that the mutual injunction as to the wife[1] was unenforceable because a mutual injunction is prohibited by section 741.30(l)(h), Florida Statutes (1995).[2] Thereafter, the trial court sua sponte entered an amended injunction against domestic violence as to the husband.
The husband complains that this amended injunction modified the previously entered mutual injunction without motion, notice or a hearing afforded to him. We agree with the husband that the trial court cannot sua sponte amend an injunction when there has been no notice or hearing. § 741.30(6)(a), Fla. Stat. (1995). See also rule 12.610(c)(1)(B), Florida Family Law Rules of Procedure.
Accordingly, the amended injunction against domestic violence is reversed and the cause is remanded for further proceedings consistent with this opinion.
JOANOS, VAN NORTWICK and PADOVANO, JJ., concur.

. The court did not make any ruling as to the husband because the husband was not before the court. The court commented: ''[s]uch rulings, if required, will come only after notice and opportunity to be heard.”

. Before July 1, 1995, mutual injunctions against domestic violence were permitted provided certain conditions were met. § 741.30(l)(h), Fla. Stat. (Supp.1994). However, in chapter 95-195, § 5, Laws of Florida, § 741.30(l)(h) was amended to prohibit mutual orders of protection. This act was effective July 1, 1995 and applied to offenses committed on or after that date. The wife's petition for injunction and protection against domestic violence involved an offense which allegedly occurred on August 1, 1995. The husband’s request for a protective injunction against the wife does not allege an offense occurring before the effective date of the statute. Thus, it appears that the newly amended section 741.30(l)(h) applies and a mutual injunction was prohibited.