711 So.2d 1302 (1998)
Robert W. CLEARY, Appellant,
v.
Maria Tereza de Castelo Branco Ferreira CLEARY, a/k/a M. Teresa Cleary, Appellee.
No. 97-03786.
District Court of Appeal of Florida, Second District.
May 29, 1998.
Catherine W. Real of Muga & Real, P.A., Tampa, for Appellant.
Arnold D. Levine of Levine, Hirsch & Segall, P.A., Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Robert W. Cleary appeals a domestic violence injunction entered on August 15, 1997. Mr. Cleary argues that, at the time his wife sought this protection, she had no reasonable cause to believe that she may become the victim of any act of domestic violence. He believes the injunction was sought to obtain a tactical advantage in a recently filed divorce proceeding. Although the evidence supporting the need for this injunction was very modest, under the test used to determine standing to seek such an injunction prior to the 1997 amendments,[1] we conclude that Mr. Cleary's wife had standing and that this court cannot reweigh the trial court's factual decision. See Tsavaris v. NCNB Nat'l Bank of Fla., 497 So.2d 1338 (Fla. 2d DCA 1986). Accordingly, we affirm the order.
Section 741.30(1)(c), Florida Statutes (Supp.1996), provides that orders entered in a subsequently filed dissolution proceeding take precedence over conflicting provisions in an injunction concerning matters governed by chapter 61. The dissolution proceeding in this case was filed a few days prior to the petition for an injunction against domestic violence. Nevertheless, in those circuits in which the domestic violence injunction is decided by a trial judge other than the judge assigned to the pending dissolution proceeding, we conclude that matters governed by chapter 61 are controlled by the judge in the dissolution proceeding without regard to *1303 whether that proceeding is filed before or after the petition for injunction. We doubt the trial court in this case had a need to decide child custody and visitation issues at the conclusion of the brief hearing on the permanent injunction, but we will not reverse those rulings because the trial judge in the dissolution proceeding has authority to make more deliberate decisions.
Affirmed.
BLUE, J., and YOUNG, ROBERT A., Associate Judge, concur.
NOTES
[1] Section 741.30(1)(a), Florida Statutes (Supp. 1996), states: "Any person described in paragraph (e), who is the victim of any act of domestic violence, or has reasonable cause to believe he or she may become the victim of any act of domestic violence, has standing in the circuit court to file a sworn petition for an injunction for protection against domestic violence." But see ch. 97-155, Laws of Fla., effective October 1, 1997 (replacing "has reasonable cause to believe he or she may become the victim of any act of domestic violence" with "has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence"). The effect of this amendment is debated in two recent articles in The Family Law Commentator. See Fred Dudley, Maggie Moody, Glenn Lang, Injunctions for Protection Against Domestic Violence: Revisions and Visions, The Family Law Commentator, Jan. 1998, at 6; Robert L. Doyel, Did the 1997 Legislature Change the Criteria Issuing Injunctions for Protection Ex Parte?, The Family Law Commentator, Jan. 1998, at 12.