CORTINAS, Judge
(concurring).
I write only to express agreement with cases suggesting that domestic violence proceedings should not be the primary forum in which custody and visitation issues are litigated. See O’Neill v. Stone, 721 So.2d 393 (Fla. 2d DCA 1998); Cleary v. Cleary, 711 So.2d 1302 (Fla. 2d DCA 1998). The majority opinion correctly refers to the appropriate Administrative Order, which instructs parties to file a proper motion to transfer the case to the Domestic Relations Division for consideration of visitation and/or custody. Because Chapter 61 considerations are best addressed by the family courts, the better practice, in cases such as this one, would be for the trial court to enter a temporary order under Chapter 741 while directing the parties to litigate custody and visitations matters in family court. See O’Neill v. Stone, 721 So.2d at 396.