PALMER, J.
Thakima Shakes (mother) appeals the non-final order entered by the trial court amending the terms of a previously entered Injunction for Protection Against Domestic Violence. Concluding that the amendment was improperly entered without notice to the mother, we reverse.[1]
The mother filed a petition seeking an injunction for protection against domestic violence against Richard Whitelocke (father). The matter proceeded to a hearing before the trial court. At the hearing, both parties presented testimony. Upon review of the evidence presented, the trial court granted the mother’s request for an injunction, while at the same time granting the father temporary primary custody of the parties’ son. The court ordered the mother to surrender custody of the child to the father by 6:00 p.m. that evening.
The mother failed to surrender the child as ordered. In response thereto, the father filed a letter with the trial court seeking an amendment or clarification of the terns of the injunction order. Upon review of the father’s filing, the trial court entered an amended injunction order which noted the mother’s failure to surrender the child and ordered her to do so that day. The amendment also provided that, “if the child is not safely in the custody of the father by such time, any and all law enforcement agencies having jurisdiction over the parties are requested and directed to assist in the recovery and the return *1077 of the child as well as the enforcement of this order.”
Once counsel for the mother was notified of the entry of the trial court’s amended order, she filed a motion to set aside the amended order. The trial court conducted a hearing on the motion and then entered an order denying same. This appeal timely followed.
The mother argues that the trial court erred, as a matter of law, by entering its amended injunction order because said order was entered ex parte, without any prior notice to her. We agree.
In Mayotte v. Mayotte, 753 So.2d 609 (Fla. 5th DCA 2000), this court addressed a similar factual scenario:
Susan A. Mayotte (“wife”) filed a Petition for Injunction For Protection Against Domestic Violence on August 4, 1998. A temporary injunction was entered and on August 18, 1998, the “Final Judgment of Injunction for Protection Against Domestic Violence (After Notice)” was entered. On September 20, 1999, the lower court modified the injunction without the filing of a motion asking for the modification, without a hearing, and without notice to the husband. The trial court cannot amend the injunction where there has been no notice given to the husband or hearing giving him the opportunity to be heard. See Brooks v. Barrett, 694 So.2d 38 (Fla. 1st DCA 1997); see also Fla. Fam. L.R.P. 12.610(c)(1)(B) and 12.610(c)(6). Accordingly, the order is reversed and the cause is remanded for further proceedings consistent with this opinion.

Id.

The father concedes that Mayotte controls, yet he argues that the issues raised in this appeal are moot because this injunction matter has been consolidated with the parties’ pending dissolution case and the general magistrate has revisited all of the issues relevant to this appeal. Based upon the filings provided by the parties, there is no demonstration that the terms of the trial court’s amended injunction order are no longer operative or enforceable due to the pending status of the parties’ dissolution matter. As such, no showing of mootness has been made.
Accordingly, the trial court’s amended injunction order is stricken.
ORDER STRICKEN.
SAWAYA and LAWSON, JJ., concur.

. Jurisdiction is proper pursuant to rule 9.130(a)(3)(B) of the Florida Rules of Appellate Procedure.