CORTIÑAS, Judge.
We review a final judgment of injunction for protection against domestic violence enjoining appellant from having any contact with her sixteen year-old daughter. Because we find that the alleged incidents do not meet the definition of domestic violence, and because we find the petitioner has no reasonable cause to believe that she is in imminent danger of becoming a victim of domestic violence, we find the trial court abused its discretion by issuing a permanent injunction. See § 741.30(l)(a), Fla. Stat. (2006). We therefore reverse the order entering the injunction.
We also express our agreement with the Second District that “domestic violence proceedings should not be allowed to become the primary forum in which custody, visitation and support issues are litigated.” O’Neill v. Stone, 721 So.2d 393, 396 (Fla. 2d DCA 1998). Instead, where custody, visitation and support considerations are implicated in the context of alleged domestic violence, the better practice is for the trial court to enter a temporary order under Chapter 741 while directing the parties to litigate custody and visitation matters in family court. See id.; Cleary v. Cleary, 711 So.2d 1302 (Fla. 2d DCA 1998).
Reversed and remanded with directions to dismiss the domestic violence proceedings.
This opinion shall take effect immediately notwithstanding the filing of any motions for rehearing.