977 So.2d 702 (2008)
Robert BETTERMAN, Appellant,
v.
Teresa KUKELHAN, Appellee.
No. 4D07-3173.
District Court of Appeal of Florida, Fourth District.
March 19, 2008.
David A. Homes, Fort Lauderdale, for appellant.
No appellee brief filed.
MAY, J.
A former boyfriend appeals an order denying his motion to vacate an injunction for protection against domestic violence. He argues the trial court erred in denying his motion without a hearing and an opportunity to be heard. We agree and reverse.
A former girlfriend filed the petition for an injunction against the former boyfriend. Judge Dijols denied a temporary injunction. The former boyfriend then submitted a general denial of the allegations and the matter was set for hearing.
Judge Goldenberg presided at the final hearing where an "Agreed Final Judgment of Injunction For Protection Against Domestic Violence" was entered for an indefinite period of time. The order specifically stated that the former boyfriend denied the allegations, but did not object to the issuance of the injunction. The court made no factual findings.
Approximately a month later, the former boyfriend filed a verified petition to dissolve the injunction with a cover letter to Judge Dijols. He continued to deny the allegations and explained that, at the time of the hearing, he thought it was easier to simply agree to the injunction. He did not realize, however, that he would be required to surrender his concealed weapons permit. He requested the court either dissolve the injunction or allow him to retain the permit. Judge Dijols denied the motion without a hearing.
The former boyfriend's lawyer then filed another motion with Judge Goldenberg, who had actually entered the final judgment, with a letter explaining that Judge Dijols may have denied the original motion simply because he had not been the one to enter the final judgment. This motion requested the same relief and alternatively asked for an evidentiary hearing. Judge Goldenberg's judicial assistant returned *703 the letter and motion with a memorandum explaining that the original motion had been denied by Judge Dijols.
Here, the former boyfriend argues that section 741.30(6)(c), Florida Statutes (2007), provides for a motion to modify or dissolve an injunction at any time. He argues that Florida case law supports his position that the summary denial of a motion to vacate violates due process requirements. See Reed v. Reed, 816 So.2d 1246 (Fla. 5th DCA 2002); Madan v. Madan, 729 So.2d 416 (Fla. 3d DCA 1999). We agree.
In Reed, the Fifth District reversed a summary denial of a motion to vacate an injunction three days after the motion had been filed. The court stated that the "short period did not allow . . . enough time for . . . a hearing on the matter." 816 So.2d at 1247. In Madan, the Third District reversed a trial court's summary denial of a motion to set aside a domestic violence injunction. Relying on section 741.30(6)(b), the court held that the "trial court should have allowed the [movant] to present evidence regarding the initial procurement of the injunction." 729 So.2d at 416.
Based on these authorities and the particular facts of this case, we reverse the order denying the motion to dissolve the injunction and remand the case to the trial court for proceedings consistent with this opinion.
Reversed and remanded.
STONE and POLEN, JJ., concur.