WARNER, J.
 

 The trial court summarily denied appellant’s motion to dissolve a permanent injunction for domestic violence entered in January 2005 in favor of his then girlfriend. We reverse on the authority of
 
 Betterman v. Kukelhan,
 
 977 So.2d 702 (Fla. 4th DCA 2008), in which we held that the summary denial of a motion to vacate a protective injunction violated due process requirements.
 

 Case law has not clearly set forth the applicable legal standard for determining whether a domestic violence injunction should be vacated or modified. Some cases seem to require the movant to allege and prove a change in circumstances.
 
 See Knight v. Waters,
 
 786 So.2d 1289 (Fla. 1st DCA 2001) (affirming order denying a motion to modify or dissolve a protective injunction under section 784.046 because the motion did not assert a change in circumstances);
 
 Simonik v. Patterson,
 
 752 So.2d 692, 693 (Fla. 3d DCA 2000) (“In the absence of evidence that the circumstances have changed, we find no abuse of discretion in the denial of the motion to modify.”). However, other cases have focused on the “at any time” language in the statutory text, finding that the trial court should have held an evidentiary hearing to allow the movant to present evidence regarding the initial procurement of the injunction.
 
 See York v. McCarron,
 
 842 So.2d 281 (Fla. 1st DCA 2003);
 
 Madan v. Madan,
 
 729 So.2d 416 (Fla. 3d DCA 1999).
 

 Here, the court gave no reasons for its summary denial. Even assuming that appellant was required to allege a change in circumstances in order to state a legally sufficient motion, appellant alleged in his motion that there was a change in circumstances because the injunction has served its purpose; he had not attempted to contact his ex-girlfriend for years; he has been incarcerated on unrelated charges; and the injunction was impacting his ability to participate in certain prison work programs. Because appellant’s motion was legally sufficient, the trial court should have afforded appellant a meaningful opportunity to be heard rather than summarily denying his motion.
 
 See Betterman,
 
 977 So.2d at 703.
 

 Reversed and remanded for further proceedings.
 

 POLEN and STEVENSON, JJ., concur.