CASANUEVA, Chief Judge.
 

 In 2002, Bridget Shannon obtained a permanent injunction against David Ray McCormick for protection against repeat violence. In 2009, Mr. McCormick filed a motion to vacate the injunction order. He alleged that he had unfailingly complied with the injunction order, that he had no interest in contacting Ms. Shannon, and that the injunction prevented him from participating in certain prison work programs while under state supervision. The trial court denied the motion without a hearing. Mr. McCormick appealed, argu
 
 *788
 
 ing that he should have been given an evidentiary hearing on his motion.
 

 Due process requires a trial court to give a person moving to vacate an injunction a meaningful opportunity to be heard.
 
 Colarusso v. Lupetin,
 
 28 So.3d 238 (Fla. 4th DCA 2010);
 
 Betterman v. Kukelhan,
 
 977 So.2d 702 (Fla. 4th DCA 2008);
 
 Reed v. Reed,
 
 816 So.2d 1246 (Fla. 5th DCA 2002);
 
 Madan v. Madan,
 
 729 So.2d 416 (Fla. 3d DCA 1999). Because the trial court erred in summarily denying Mr. McCormick’s motion, we reverse the order on appeal and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 DAVIS and CRENSHAW, JJ., Concur.