EVANDER, J.
 

 Raymonvil appeals from an order denying his motion for modification of injunction for protection against domestic violence. The injunction was entered in July 2006 and was to remain in full force and effect until further order of the court. In his motion, filed in February 2010, Ray-monvil sufficiently alleged that circumstances had changed since the entry of the injunction. Specifically, Raymonvil alleged that he had not had contact with the petitioner, was presently incarcerated, and the injunction was impacting his ability to participate in a work-release program. Ray-monvil further claimed that he had stipulated to the entry of the injunction based on an agreement that the injunction would expire after one year. The trial court denied the motion without affording Ray-monvil the opportunity for a hearing. No reasons were given for the denial.
 

 The trial court’s summary denial of Ray-monvil’s motion violated due process requirements.
 
 See, e.g., Colarusso v. Lupetin,
 
 28 So.3d 238 (Fla. 4th DCA 2010);
 
 Reed v. Reed,
 
 816 So.2d 1246 (Fla. 5th DCA 2002). Because Raymonvil’s motion
 
 *140
 
 was legally sufficient, the trial court was required to afford him a meaningful opportunity to be heard.
 

 REVERSED and REMANDED for an evidentiary hearing.
 

 ORFINGER and LAWSON, JJ., concur.