PER CURIAM.
 

 Anthony McFarr appeals an order denying his motion to dissolve a permanent injunction for protection against sexual violence entered by stipulation in June 2009. We affirm in part and reverse in part.
 

 In his motion to modify or dissolve the injunction, McFarr alleged that there was a substantial change of circumstances and that the permanent injunction was obtained by fraud. He further asserted that at the time that he originally stipulated to the entry of the injunction, he was facing criminal charges arising from the alleged misconduct to which the injunction application pertained, and that the party who sought the injunction had filed a civil case against him. However, he alleged that both the civil and criminal matters had been resolved in his favor.
 

 Section 784.046(10), Florida Statutes (2009), allows the court to modify or dissolve an injunction at any time on the motion of an interested party. Likewise, Florida Rule of Family Procedure 12.540 allows a final injunction to be set aside under specified circumstances. In either event, due process requires that McFarr be given an opportunity for a hearing. The trial court did conduct a hearing regarding McFarr’s allegations of fraud, but summarily denied his motion as it pertained to his claim that circumstances had changed. We affirm the trial court’s order insofar as it relates to the fraud allegation. However, due process requires that the trial court afford McFarr a meaningful opportunity to be heard on the remaining claim.
 
 See Kugler v. Joosten,
 
 58 So.3d 323 (Fla. 1st DCA 2011);
 
 Raymonvil v. Lewis,
 
 46 So.3d 139 (Fla. 5th DCA 2010);
 
 McCormick v. Shannon,
 
 32 So.3d 787 (Fla. 2d DCA 2010);
 
 Colarusso v. Lupetin,
 
 28 So.3d 238 (Fla. 4th DCA 2010).
 

 
 *777
 
 AFFIRMED in part; REVERSED in part; REMANDED for further procéed-ings.
 

 ORFINGER, C.J., GRIFFIN and PALMER, JJ., concur.