PER CURIAM.
Claude Goodwin appeals an order of the circuit court denying his motion to dissolve an injunction against repeat violence. Because the lower court did not give Mr. Goodwin an opportunity to be heard on his motion, we reverse.
Section 784.06(11), Florida Statutes (2007), provides that a party to an injunction may file a motion to modify or dissolve an injunction at any time. Mr. Goodwin filed his motion in 2011, alleging in part that he had never violated, or been accused of violating, the injunction entered in 2007, and he posed no danger to appellee Grace Whitley. He said he is an avid gun owner and wished to regain his right to possess guns, but could not with the injunction in place.
The circuit court held a hearing and asked Ms. Whitley two questions: whether she objected to Mr. Goodwin’s motion to dissolve, and whether she believed she still needed the protection afforded by the injunction. She replied, “I do,” to each question. The judge then said, “Accordingly, I will deny the request.” When Mr. Goodwin’s counsel asked whether the court *933 could impose conditions or a time frame that Mr. Goodwin could attempt to satisfy, the court said it would consider this in the future only if Ms. Whitley agreed.
Mr. Goodwin was entitled to a meaningful opportunity to be heard regarding why continuation of the injunction no longer served a valid purpose. Instead, the court announced its decision based upon Ms. Whitley’s four-word testimony, without offering Mr. Goodwin the chance to cross-examine Ms. Whitley, to testify, or to present argument to the court. This was a denial of due process. See, e.g., Ramirez v. Teutsch, — So.3d -, 2012 WL 1759382 (Fla. 1st DCA 2012); Kugler v. Joosten, 58 So.3d 323 (Fla. 1st DCA 2011); York v. McCarron, 842 So.2d 281 (Fla. 1st DCA 2003); McFarr v. McKee, 83 So.3d 776 (Fla. 5th DCA 2011); Raymonvil v. Lewis, 46 So.3d 139 (Fla. 5th DCA 2010); Colarusso v. Lupetin, 28 So.3d 238 (Fla. 4th DCA 2010).
We REVERSE and REMAND with directions to the lower court to conduct a full evidentiary hearing.
PADOVANO, MARSTILLER, and SWANSON, JJ., concur.