PALMER, J.
Robert Reyes (father) appeals the trial court’s order summarily denying his motion to modify or dissolve a domestic *1207 violence injunction entered against him.[1] Because the father’s motion failed to allege any change in circumstances, we affirm.
In 2004, the trial court entered an injunction after a hearing for protection against domestic violence in favor of Annette Reyes (mother). In 2011, the father filed a motion to modify or dissolve the injunction. The motion alleged various claims, including a challenge to the original issuance of the injunction, but did not allege any change in circumstances. The trial court denied the motion without a hearing. This appeal timely followed.
Section 741.30, Florida Statutes (2011), authorizes either party to a domestic violence injunction to file a motion to modify or dissolve the injunction at any time, and the statute provides that no specific allegations are required. The case law on the issue of what pleading and proof is necessary in order to obtain a hearing and relief on a motion to modify or dissolve a domestic violence injunction is confused and inconsistent, as recognized in Colarusso v. Lupetin, 28 So.3d 238 (Fla. 4th DCA 2010), wherein the Fourth District noted:
Case law has not clearly set forth the applicable legal standard for determining whether a domestic violence injunction should be vacated or modified. Some cases seem to require the movant to allege and prove a change in circumstances. See Knight v. Waters, 786 So.2d 1289 (Fla. 1st DCA 2001) (affirming order denying a motion to modify or dissolve a protective injunction under section 784.046 because the motion did not assert a change in circumstances); Simonik v. Patterson, 752 So.2d 692, 693 (Fla. 3d DCA 2000) (“In the absence of evidence that the circumstances have changed, we find no abuse of discretion in the denial of the motion to modify.”). However, other cases have focused on the “at any time” language in the statutory text, finding that the trial court should have held an evidentiary hearing to allow the movant to present evidence regarding the initial procurement of the injunction. See York v. McCarron, 842 So.2d 281 (Fla. 1st DCA 2003); Madan v. Madan, 729 So.2d 416 (Fla. 3d DCA 1999).
Id. at 239. See also Betterman v. Kukelhan, 977 So.2d 702 (Fla. 4th DCA 2008). We hold that, for a movant to be entitled to obtain relief on a motion to modify or dissolve a domestic violence injunction, the movant must prove a change in circumstances. Accord Alkhoury v. Alkhoury, 54 So.3d 641 (Fla. 1st DCA 2011). Therefore, for a movant to be entitled to receive a hearing on such a motion, the motion must allege a change in circumstances.
In so ruling, we reject the argument that a movant can obtain modification or dissolution of a domestic violence injunction based on a challengé to its initial procurement. Our court has so ruled in other kinds of injunction matters.
For example, in Spaulding v. Estate of Frey, 666 So.2d 935 (Fla. 5th DCA 1995), the trial court entered an injunction to prevent the dissipation of estate assets after a contested hearing. The appellant filed a motion to dissolve the injunction, which the trial court denied. Wé affirmed because the appellant only argued that the injunction was improvidently entered in the first place:
[Appellant] never presented evidence of a change in conditions which would justify dissolving the injunction, even though she had the burden of proof. Coastal Unilube, Inc. v. Smith, 598 So.2d 200, *1208 201 (Fla. 4th DCA 1992). Instead, [appellant] argued that [appellee] never made a showing of the elements required for injunctive relief, and that the temporary injunction did not set forth the grounds for such relief, as required by Florida Rule of Civil Procedure 1.610(c). It is now too late to raise arguments that should have been raised at the contested hearing on [the] motion for temporary injunction or in a direct appeal from the order granting the motion for temporary injunction. See Miller v. Jacobs & Goodman, P.A., 639 So.2d 1088, 1089 (Fla. 5th DCA 1994). Under similar circumstances, this court has held that a motion to dissolve a temporary injunction, and an appeal from a trial court’s order denying a motion to dissolve, constitute “an improper attempt ... to evade a court order and gain retrial of the issues -without a timely motion for new trial or appeal.” Shadow Lakes Woods, Inc. v. Schneider, 414 So.2d 3, 4 (Fla. 5th DCA 1982).
Id. at 936-37. Accord Highway 16 Holdings, LLC v. Myers, — So.3d-(Fla. 5th DCA 2012); Thomas v. Osler Med., Inc., 963 So.2d 896 (Fla. 5th DCA 2007); McCahill v. Braishfield Assocs., Inc., 661 So.2d 399 (Fla. 5th DCA 1995). While these cases did not involve domestic violence injunctions, their rationale applies equally to such injunctions.[2]
Accordingly, we affirm the trial court’s order summarily denying the father’s motion to modify or dissolve the instant domestic violence injunction.
AFFIRMED.
LAWSON and JACOBUS, JJ., concur.

. Appellate jurisdiction is proper pursuant to rule 9.130(a)(3)(B) of the Florida Rules of Appellate Procedure, which authorizes appeals from non-final orders that refuse to modify injunctions.

. Rule 1.610(d) of the Florida Rules of Civil Procedure, like section 741.30, authorizes the modification or dissolution of an injunction at any time.