WARNER, J.
Ranisha Baker appeals an order denying her motion to vacate a domestic violence injunction entered against her. She sought to modify a permanent injunction entered in 2011 which prohibited her from committing acts of domestic violence against appellee and from having contact with appellee. The trial court denied the motion without a hearing. We reverse.
In her motion to dissolve the injunction, appellant alleged that she and appellee have not had any contact since the injunction was entered in 2011 and that she does not plan to have any contact with appellee in the future for any purpose. She also alleged that she is currently incarcerated and is prevented from participating in a work release program due to the injunction. Based upon these allegations, she was entitled to a hearing on her motion.
A permanent injunction for protection against domestic violence may be granted either for a fixed period of time or until further order of the court. See § 741.30(6)(c), Fla. Stat. (2013); Fla. Fam. L. R. P. 12.610(c)(4)(B). “Either party may move at any time to modify or dissolve the injunction. No specific allegations are required.” § 741.30(6)(c), Fla. Stat. (2013); see also Fla. Fam. L. R. P. 12.610(c)(6). A trial court’s summary denial of a motion to vacate an injunction without holding a hearing may violate due process. Betterman v. Kukelhan, 977 So.2d 702, 703 (Fla. 4th DCA 2008).
In Colarusso v. Lupetin, 28 So.3d 238 (Fla. 4th DCA 2010), we noted:
Case law has not clearly set forth the applicable legal standard for determining whether a domestic violence injunction should be vacated or modified. Some cases seem to require the movant to allege and prove a change in circumstances .... However, other cases have focused on the “at any time” language in the statutory text, finding that the trial court should have held an evidentiary hearing to allow the movant to present evidence regarding the initial procurement of the injunction.
Id at 239 (citations omitted). In Colarus-so, we found that the appellant had sufficiently alleged a change in circumstances by alleging “the injunction has served its purpose; he had not attempted to contact his ex-girlfriend for years; he has been incarcerated on unrelated charges; and the injunction was impacting his ability to participate in certain prison work programs.” Id Accordingly, we reversed, finding, “Because appellant’s motion was legally sufficient, the trial court should have afforded appellant a meaningful opportunity to be heard rather than summarily denying his motion.” Id (citing *956 Betterman, 977 So.2d at 703). Appellant’s allegations here track the allegations in Colarusso that we found sufficient to require a hearing on the motion.
Although we reverse for a hearing, we note that, based on the current appellate record, appellant has not yet perfected service on appellee. See Fla. Fam. L. R. P. 12.610(c)(6) (governing service of motions to vacate injunctions); see also Shakes v. Whitelocke, 922 So.2d 1076, 1077 (Fla. 5th DCA 2006) (trial court erred by amending injunction ex parte, without prior notice to the petitioner who had originally obtained the order). On remand, appellant should have the opportunity to perfect service and thereafter schedule an evidentiary hearing. See, e.g., Reed v. Reed, 816 So.2d 1246, 1247 (Fla. 5th DCA 2002) (summary denial of motion to vacate injunction before service was perfected on appellant’s wife, the petitioner who obtained the injunction, was error; appellant should be allowed to obtain service of motion on wife and schedule an evidentiary hearing).
For the foregoing reasons, we reverse and remand for proceedings consistent with this opinion.
DAMOORGIAN, C.J., and KLINGENSMITH, J., concur.