NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH CARROZZA,                    )
                                    )
          Appellant,                )
                                    )
v.                                  )          Case No. 2D13-5701
                                    )
TAMMY STOWERS,                      )
                                    )
          Appellee.                 )
                                    )
_____     )

Opinion filed December 12, 2014.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Sarasota County;
Robert W. McDonald, Jr., Judge.

Joseph Carrozza, pro se.

No appearance by Appellee.


CRENSHAW, Judge.

          Joseph Carrozza appeals the trial court's order summarily denying his

motion to dissolve a final judgment of injunction.  We reverse and remand for further

proceedings because Carrozza is entitled to a hearing on his facially sufficient motion.

          According to the underlying order and motion, a final judgment of

injunction was entered against Carrozza in 2006 prohibiting him from having contact

with Tammy Stowers.[1] The allegations against Carrozza included that he was "a violent criminal with multiple prison sentences, and [made] threats to kill," as summarized by the court. On October 7, 2013, Carrozza filed a motion to dissolve the injunction, alleging a change in circumstances.

In his motion, Carrozza stated that he participated in a number of relevant prison programs, including instruction on anger management, parenting, behavioral issues, and substance abuse. Carrozza explained that he is currently imprisoned on unrelated charges, has not contacted Stowers since 2006, has no intention to contact her in the future except regarding "matters relating to the health and welfare of the parties' daughter," and stated that the injunction is preventing him from participating in certain prison work programs. See Baker v. Pucket, 139 So. 3d 954, 955 (Fla. 4th DCA 2014) ("[W]e [previously] found that the appellant had sufficiently alleged a change in circumstances by alleging 'the injunction has served its purpose; he had not attempted to contact his ex-girlfriend for years; he has been incarcerated on unrelated charges; and the injunction was impacting his ability to participate in certain prison work programs.' " (quoting Colarusso v. Lupetin, 28 So. 3d 238, 239 (Fla. 4th DCA 2010))). The trial court summarily denied Carrozza's motion on October 10, 2013, a mere three days later, citing "the serious nature of the [underlying] allegations."[2]

---

[1]The appendix provided by Carrozza is very limited. It only contains Carrozza's motion to dissolve injunction, Carrozza's motion requesting leave to appear telephonically, and the order denying the motion to dissolve injunction without a hearing. The appendix is sufficient, however, to address Carrozza's argument, which implicates basic due process requirements. See Fla. R. App. P. 9.130(e), 9.220(a).

[2]In its order the trial court also expressed the following concern:

F.S. 741.30(6)(c) generally authorizes any party to move to amend/dissolve an injunction at any time without making

The trial court erred by denying Carrozza's motion without a hearing. See McCormick v. Shannon, 32 So. 3d 787, 788 (Fla. 2d DCA 2010); Baker, 139 So. 3d at 955; Reed v. Reed, 816 So. 2d 1246, 1247 (Fla. 5th DCA 2002). As the court stated in Reed, "[d]ue process requires that [the movant] be given [an] opportunity to be heard on his request and that his motion should not be summarily disposed of within three days after it is filed. We express no opinion on the merits of [the] motion." 816 So. 2d at 1247; see § 741.30(6)(c), (10), Fla. Stat. (2013); Betterman v. Kukelhan, 977 So. 2d 702, 703 (Fla. 4th DCA 2008). Accordingly, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

KHOUZAM and MORRIS, JJ., Concur.

---

> specific allegations (facts can vary). There is no language limiting how soon after a Final Judgment is entered, or how often, such a motion can be filed. . . .
>
> It is axiomatic that procedures regarding expending finite Court resources must have a reasonable basis. An interpretation that, for example, automatically allows a Respondent additional hearings to repeatedly object after an adverse ruling is untenable. This court is concerned as to the issue of legislative encroachment of the Court's [a]rticle V powers to regulate procedure if the Court cannot impose reasonable procedural requirements. . . . Multiple districts [] have actually interpreted legislative language to require a reasonable and basic application of other premises of law.

It is worth acknowledging the court's concern about the wording of section 741.30(6)(c) which provides: "Either party may move at any time to modify or dissolve the injunction. No specific allegations are required." See State v. Raymond, 906 So. 2d 1045, 1048 (Fla. 2005) ("It is a well-established principle that a statute which purports to create or modify a procedural rule of court is constitutionally infirm."); TGI Friday's, Inc. v. Dvorak, 663 So. 2d 606, 611 (Fla. 1995). As further noted in the same order, however, courts applying section 741.30(6)(c) have indicated that a motion to modify or dissolve an injunction should allege some basis upon which relief may be granted, as was done in this case. See Baker, 139 So. 3d at 955. Regardless, the issue of the constitutional validity of section 741.30(6)(c) is not before this court.