NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JOSHUA WOOLLEY,                         )
                                        )
            Appellant,                  )
                                        )
v.                                      )       Case No. 2D15-1684
                                        )
ANGELA J. NELSEN,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed January 20, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Manatee County;
Edward Nicholas, Judge.

Joshua Woolley, pro se.

No appearance for Appellee.


KHOUZAM, Judge.

        In 2009, Angela Nelson acquired a dating violence protective injunction

against Joshua Woolley.  In March 2015, Woolley filed a motion to dissolve the

injunction, alleging that he had been convicted of unrelated criminal charges and had

begun serving his ten-and-twelve year sentences resulting from those convictions.  He

argued that the injunction no longer served a valid purpose due to his incarceration and

that the injunction was preventing him from obtaining a lower custody level, taking advantage of rehabilitation programs, or transferring to a facility closer to home. Six days later, the trial court denied the motion without a hearing. Woolley appealed, arguing the trial court erred in summarily denying his motion without first holding a hearing.

We agree that Woolley is entitled to a hearing on his motion. "Due process requires a trial court to give a person moving to vacate an injunction a meaningful opportunity to be heard." McCormick v. Shannon, 32 So. 3d 787, 788 (Fla. 2d DCA 2010). And based on the allegations in Woolley's motion, he may be entitled to relief. See Baker v. Baker, 112 So. 3d 734, 735 (Fla. 2d DCA 2013) (holding that domestic violence injunction no longer served a valid purpose due to movant's lengthy incarceration). Accordingly, we reverse the order denying Woolley's motion and remand for a hearing.

Reversed and remanded.

KELLY and CRENSHAW, JJ., Concur.