IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WESLEY AARON PEASLEE,

     Appellant,

v.

VICKIE LYNN PERRINE, individually and o/b/o KAYLA D. and TORRIE L. CHRISMER, minors,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4059

Opinion filed November 9, 2016.

An appeal from the Circuit Court for Duval County.
Lawrence P. Haddock, Judge.

Diana L. Johnson of Johnson and Lufrano, P.A., Jacksonville, for Appellant.

No appearance for Appellee.

PER CURIAM.

     Because Appellant's Motion to Terminate/Vacate the Final Judgment of Injunction was legally sufficient by alleging facts demonstrating "changed

circumstances" such that "the continuation of the injunction would serve no valid purpose," Alkhoury v. Alkhoury, 54 So. 3d 641, 642 (Fla. 1st DCA 2011), we hold that the trial court erred in not affording Appellant a meaningful opportunity to be heard before summarily denying his motion. See Bennett v. Abdo, 167 So. 3d 522, 522 (Fla. 5th DCA 2015); Carrozza v. Stowers, 153 So. 3d 340, 341 (Fla. 2d DCA 2014); Ramirez v. Teutsch, 134 So. 3d 995 (Fla. 1st DCA 2012); Goodwin v. Whitley, 103 So. 3d 932, 932 (Fla. 1st DCA 2012); Kugler v. Joosten, 58 So. 3d 323 (Fla. 1st DCA 2011); Colarusso v. Lupetin, 28 So. 3d 238, 239 (Fla. 4th DCA 2010). "'[D]ue process requires that [the movant] be given [an] opportunity to be heard on his request . . . ." Carrozza, 153 So. 3d at 341 (quoting Reed v. Reed, 816 So. 2d 1246, 1247 (Fla. 5th DCA 2002)).

REVERSED and REMANDED for further proceedings consistent with this opinion.

LEWIS, WETHERELL, and JAY, JJ., CONCUR.