IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

OMAR T. ALSTON,

      Appellant,

 v.                                               Case No.  5D16-2947

SHEIMIRA HAINES,

      Appellee.

_____/

Opinion filed May 5, 2017

Appeal from the Circuit Court
for Marion County,
S. Sue Robbins, Judge.

Omar T. Alston, Monticello, pro se.

No Appearance for Appellee.

PER CURIAM.

      Omar Alston appeals the summary denial of his motion to vacate an injunction against repeat violence. The final judgment granting the injunction was entered in January 2011 and was to remain in full force and effect until further order from the court.

      In 2016, Alston filed a motion to vacate the injunction.[1] In the motion, Alston alleged that because he was currently serving a ten-year sentence on unrelated charges, his circumstances had changed since entry of the injunction. Alston claimed that the

---

[1] Alston filed a previous motion that was denied by the court without prejudice because it failed to "allege grounds . . . to form a basis to vacate or rescind the injunction."

injunction was prohibiting his eligibility for a lower custody and housing level and was preventing his participation in "courses and education classes, rehabilitation programs, jobs, and transferring to certain facilities." The trial court denied the motion without affording Alston a hearing. We reverse.

We have previously addressed this issue in similar contexts and concluded that an evidentiary hearing is required on a motion to modify or dissolve an injunction when the motion is legally sufficient. See, e.g., Bennett v. Abdo, 167 So. 3d 522 (Fla. 5th DCA 2015); Raymonvil v. Lewis, 46 So. 3d 139 (Fla. 5th DCA 2010). Because Alston's motion was legally sufficient in this case, he was entitled to an opportunity to be heard. Cf. Woolley v. Nelsen, 183 So. 3d 476 (Fla. 2d DCA 2016) (holding that a hearing was required on motion to dissolve an injunction when inmate alleged injunction was preventing him from obtaining a lower custody level, taking advantage of rehabilitation programs, or transferring to a facility closer to home).

REVERSED and REMANDED for an evidentiary hearing.

COHEN, C.J., BERGER, J. and JACOBUS, B.W., Senior Judge, concur.