NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSHUA BORK,                          )
                                      )
          Appellant,                  )
                                      )
v.                                    )          Case No.  2D17-3298
                                      )
SARA MARIE PARE,                      )
                                      )
          Appellee.                   )
_____)

Opinion filed August 8, 2018

Appeal from the Circuit Court for Sarasota
County; Don T. Hall, Judge.

Joshua Bork, pro se.

No appearance by Appellee.


BADALAMENTI, Judge.

Joshua Bork challenges the summary denial of his motion to dissolve a

final judgment of injunction.  Because Bork was entitled to a hearing on his facially

sufficient motion, we reverse.

On July 8, 2010, a final judgment of injunction was entered against Bork

and in favor of Sara Pare, a friend of Bork's ex-wife.  The injunction prohibited Bork from

contacting Pare or causing any other person to contact her.  In her petition for

injunction, Pare alleged that Bork called her repeatedly and left her voicemails in which

he threatened her with violence. Pare also alleged that Bork had closely followed a vehicle that she and Bork's ex-wife occupied.

Seven years later, Bork, while incarcerated on an unrelated matter, filed a motion to dissolve the permanent injunction. In that motion, Bork alleged that he has not contacted Pare since entry of the injunction and has no desire to maintain any relationship with her. He further alleged that he has completed anger management courses and that the injunction is preventing him from participating in certain rehabilitative prison work programs. The trial court denied Bork's motion without a hearing, stating that Bork "may wish to file a Motion to Dissolve Injunction upon release from incarceration, and where there is an opportunity to have an evidentiary hearing." The trial court offered no other explanation for its summary denial of Bork's motion.

Section 741.30(6)(c), Florida Statutes (2010), authorizes either party to an injunction to file a motion to dissolve it at any time without making any specific allegations. "[C]ourts applying section 741.30(6)(c) have indicated that a motion to modify or dissolve an injunction should allege some basis upon which relief may be granted." Carrozza v. Stowers, 153 So. 3d 340, 341 n.2 (Fla. 2d DCA 2014). To obtain relief, a party seeking dissolution of an injunction must prove that there has been a change of circumstances. Spaulding v. Shane, 150 So. 3d 852, 853 (Fla. 2d DCA 2014). "This requires the movant to 'demonstrate that the scenario underlying the injunction no longer exists so that continuation of the injunction would serve no valid purpose.' " Id. (quoting Alkhoury v. Alkhoury, 54 So. 3d 641, 642 (Fla. 1st DCA 2011)). Because a movant must show a change of circumstances to obtain relief on a motion filed under section 741.30(6)(c), the motion is facially sufficient if it alleges facts

demonstrating a change of circumstances.  See Carrozza, 153 So. 3d at 340 (concluding that a motion filed under section 741.30(6)(c) was facially sufficient because it alleged facts demonstrating changed circumstances); see also Reyes v. Reyes, 104 So. 3d 1206 (Fla. 5th DCA 2012) (affirming summary denial of a motion to dissolve an injunction because it did not assert changed circumstances which would warrant relief).  If the motion is facially sufficient, the movant is accordingly entitled to receive a hearing on the motion.  Reyes, 104 So. 3d at 1207 ("[F]or a movant to be entitled to receive a hearing on such a motion, the motion must allege a change in circumstances.").

Here, Bork's motion alleged facts demonstrating changed circumstances since the circumstances underlying the issuance of the injunction.  See Carrozza, 153 So. 3d at 340.  In Carrozza, this court reversed a trial court's order summarily denying a facially sufficient motion to dissolve an injunction.  Id. at 341.  Here, just like the movant in Carrozza, Bork sufficiently alleged a change in circumstances.  Specifically, he alleged that he has not contacted Pare since entry of the injunction approximately seven years ago.  He further alleged that he has no desire to maintain a relationship with Pare.  He asserted that he has completed anger management courses and is incarcerated on an unrelated matter.  He explained in his motion that because the injunction remains intact, he is ineligible for placement in certain rehabilitative work programs.  See id. at 340.  In sum, Bork's motion is facially sufficient because it alleged a change in circumstances.  Accordingly, he is entitled to a hearing on his motion as a matter of due process.  See id.

Because Bork's motion is facially sufficient, the trial court erred by denying it without a hearing and without giving Bork a meaningful opportunity to be heard.[1] See id. ("[D]ue process requires that the movant be given an opportunity to be heard on his request." (quoting Reed v. Reed, 816 So. 2d 1246, 1247 (Fla. 5th DCA 2002))); McCormick v. Shannon, 32 So. 3d 787, 788 (Fla. 2d DCA 2010) (holding that the trial court erred by summarily denying a motion to dissolve an injunction alleging that movant had unfailingly complied with the order, that movant had no interest in contacting the victim, and that the injunction prevented movant from participating in a prison work program); Colarusso v. Lupetin, 28 So. 3d 238, 239 (Fla. 4th DCA 2010) (concluding that the trial court should have provided movant a meaningful opportunity to be heard by holding a hearing rather than summarily denying his motion to dissolve injunction, which alleged that movant had not attempted to contact his ex-girlfriend for years, that he has been incarcerated on unrelated charges, and that the injunction was preventing him from participating in a prison work program).

Accordingly, we reverse and remand the trial court's summary denial of Bork's motion to dissolve the July 8, 2010, final judgment of injunction.

Reversed and remanded.

SILBERMAN and KELLY, JJ., Concur.

---

[1]We express no opinion on the merits of Bork's motion to dissolve the injunction order.