DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GAVIN D. CADDY,**
Appellant,

v.

**SUE-ANN N. ROBINSON,**
Appellee.

No. 4D20-894

[June 30, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Arthur M. Birken, Judge; L.T. Case No. DVCE16-9293.

Gavin D. Caddy of Gavin D. Caddy, P.A., Fort Lauderdale, for appellant.

No appearance for appellee.

FORST, J.

Appellant appeals from a 2020 final judgment granting his former wife's petition for an injunction for protection against domestic violence ("DV"). The final judgment gave the former wife 100 percent timesharing and sole decision making with respect to her and Appellant's two minor children. Upon review, we affirm, with one exception—the final judgment's timesharing ruling conflicts with that of the family court which has jurisdiction over the parties' child custody issues. On that issue, we reverse and remand.[1]

## Background

Shortly after filing for divorce from Appellant in late 2016, the former wife filed a petition for a DV injunction. The petition alleged Appellant would frequently get very intoxicated and become hostile; on separate occasions he had berated the former wife, violently pushed her into a mirror (causing the mirror to break), and had slammed the door on her in

---

[1] We summarily affirm the two evidentiary rulings of the trial court that are challenged on appeal.

a manner that caused the doorknob to forcefully hit her as she stood in the doorway. The former wife also asserted that, following their divorce, Appellant exhibited a pattern of increasingly threatening behavior. This included Appellant repeatedly showing up unannounced to the home, banging on the door to see the children, and blocking in the former wife's car so that she could not leave for work until he could see the children. The former wife further charged Appellant with chasing her in public, tripping her, and, on separate occasions, threatening that, "I'll knock you out if you don't move," and that "he would take the kids far away because [the former wife] needed to suffer, and [they] were all going to suffer."

The DV court entered a default DV injunction against Appellant, but the injunction did not include a provision concerning the parties' timesharing of their two minor children. In fact, in conjunction with the family court's disposition of the former wife's petition for dissolution of marriage, the parties had negotiated and entered into a written timeshare agreement that provided both parents with equal timesharing.

In 2020, the DV injunction was vacated because Appellant had not received proper notice of the final hearing on the injunction. The DV court set a new hearing on the former wife's 2016 petition. At this hearing, the former wife realleged the contents of her petition and the various acts of violence which Appellant had purportedly committed against her in the years preceding her 2016 petition. Finding the former wife credible, the DV court granted the former wife's petition based on the pre-2016 petition incidents, stating:

> I'm going to take into consideration [the] fact that you have been on the injunction for the past several years. I am going to find that you have met your burden and established that you are a victim of domestic violence, that you are pushed and shoved, you were hit by a door, and you were pushed into a sliding glass — a sliding door mirror made of glass. So, I'm going to find that you were an actual victim of domestic violence.

The DV court entered a final judgment of injunction for protection against DV in which it provided that "Petitioner shall on a temporary basis have 100% of the time-sharing with the parties' minor child(ren) . . . and shall have sole decision-making responsibility until further court order[.]" From this final judgment, Appellant now appeals.

**Analysis**

2

*1. Competent, substantial evidence supports issuance of the DV injunction*

We review de novo a trial court's legal conclusion that the petitioner is entitled to a final judgment of injunction against DV. *Achurra v. Achurra*, 80 So. 3d 1080, 1082 (Fla. 1st DCA 2012) (citing *Puskar v. Puskar*, 29 So. 3d 1201 (Fla. 1st DCA 2010)). "The burden is on the party seeking a domestic violence injunction to provide competent, substantial evidence in support thereof [and] . . . [a]bsent such evidence, a trial court must dismiss the petition." *In re A.B.*, 186 So. 3d 544, 548 (Fla. 2d DCA 2015) (internal citations omitted).

Section 741.28(2), Florida Statutes (2019), defines DV as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." Section 741.30(1)(a), Florida Statutes (2019), creates a cause of action for the issuance of an injunction in favor of any family or household member "who is either the victim of domestic violence . . . *or* who has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence" (emphasis added). Thus, under the plain language of the statute, where the court finds that a petitioner is in fact the victim of DV, it does not need to find that she is also in imminent fear.

Here, in issuing the DV injunction, the court based its decision not on a finding that the former wife *was in imminent danger of* DV, but on a finding that she *was* a victim of DV. The former wife was not required to demonstrate that she had a fear of imminent harm—she was only required to present competent, substantial evidence to support the trial court's finding that she was a victim of DV. She clearly met that burden here by testifying to the various incidents in which Appellant had become physically aggressive with her. Accordingly, competent, substantial evidence supported the trial court's grant of her petition, and issuance of the injunction was not error.

We note that while we reject Appellant's challenge to the issuance of the injunction, he may seek to modify or dissolve the petition in the trial court based on the remoteness of the underlying events. A party to a DV injunction "may move at any time to modify or dissolve the injunction. No specific allegations are required." § 741.30(6)(c), Fla. Stat. (2019). Because the events that gave rise to this injunction took place more than five years ago and no further acts of violence have been alleged since, if a court of competent jurisdiction finds "[t]he scenario underlying the injunction no longer exists so that the continuation of the injunction would

3

serve no valid purpose[,]" it may modify or dissolve the injunction. *Bush v. Henney*, 175 So. 3d 930, 930–31 (Fla. 4th DCA 2015) (quoting *Alkhoury v. Alkhoury*, 54 So. 3d 641, 642 (Fla. 1st DCA 2011)); *see also Colarusso v. Lupetin*, 28 So. 3d 238, 239 (Fla. 4th DCA 2010).

*2. The DV injunction's grant of 100 percent timesharing to the former wife must be reversed*

Appellant also argues that the DV injunction is improper with respect to its award of timesharing because, in awarding the former wife sole timesharing, the DV court usurped the authority of the family court overseeing the parties' marriage dissolution proceedings. We agree.

While the courts have recognized that issues of child custody may be necessarily implicated in DV actions, they have also held that the abbreviated DV proceedings should not become the primary forum in which to determine family law issues. *See, e.g.*, *Spano v. BB ex rel. Bruce*, 947 So. 2d 635, 636 (Fla. 3d DCA 2007); *O'Neill v. Stone*, 721 So. 2d 393, 396 (Fla. 2d DCA 1998). "The better practice in such a case would be for the trial court to enter a temporary order . . . and direct the parties to litigate their subsequent custody and visitation disputes in a proper [family court] proceeding where the orders entered would remain in effect beyond the temporary lifespan of most injunctions." *O'Neill*, 721 So. 2d at 396.

To this end, the DV court may "provid[e] the petitioner with 100 percent of the time-sharing in a *temporary* parenting plan," but that temporary plan "remains in effect *until* the order expires or an order is entered by a court of competent jurisdiction in a pending or subsequent civil action or proceeding affecting the placement of, access to, parental time with, adoption of, or parental rights and responsibilities for the minor child." § 741.30(6)(a)3., Fla. Stat. (2019) (emphasis added).

Here, a timeshare agreement providing Appellant with custody of the children on three weekends of every month was agreed upon by the parties and the family court in 2018, after the acts of DV but prior to the 2020 injunction order providing the former wife with 100 percent timesharing. In *Cleary v. Cleary*, 711 So. 2d 1302 (Fla. 2d DCA 1998), the court held that the family court timesharing order takes precedence even when that order was entered before the DV injunction petition was issued. *Cleary* states in pertinent part:

> Section 741.30(1)(c), Florida Statutes (Supp. 1996), provides that orders entered in a subsequently filed

> dissolution proceeding take precedence over conflicting provisions in an injunction concerning matters governed by chapter 61. The dissolution proceeding in this case was filed a few days prior to the petition for an injunction against domestic violence. Nevertheless, in those circuits in which the domestic violence injunction is decided by a trial judge other than the judge assigned to the pending dissolution proceeding, we conclude that matters governed by chapter 61 are controlled by the judge in the dissolution proceeding without regard to whether that proceeding is filed before or after the petition for injunction.

*Id.* at 1302–03.

As the family court's timesharing order takes precedence over the "temporary" mandate of the DV injunction, we reverse that portion of the DV injunction order related to timesharing. The former wife may raise her concerns regarding timesharing in family court, "where the orders entered would remain in effect beyond the temporary lifespan of most injunctions." *See O'Neill*, 721 So. 2d at 396.

## Conclusion

Excepting the timesharing issue, we affirm the decision of the DV court and find that the issuance of the injunction was proper. We reverse that portion of the DV injunction order awarding the former wife 100% timesharing and remand for further proceedings in accordance with this opinion.

*Affirmed in part, reversed in part, and remanded.*

LEVINE, C.J., and MAY, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***