PER CURIAM.
This is an appeal from an order denying Paul Simonek’s motion to modify an injunction. We affirm.
Barry Patterson applied for an injunction for protection against repeat violence pursuant to section 784.046, Florida Statutes (1997). After a full evidentiary hearing, the trial court entered a permanent injunction on November 18, 1997. One of the provisions in the injunction was that Simonek was prohibited from possessing any firearms for the duration of the injunction. Simonek never appealed that order.
On September 4, 1998, Simonek filed a motion for modification of the injunction to allow him to possess firearms. The trial court denied the motion after conducting a hearing. Simonek did not present any evidence that the circumstances of the parties had changed since the injunction was entered. The trial court has broad discretion in granting, denying, dissolving, or modifying injunctions, and, unless a clear abuse of discretion is demonstrated, appellate courts will not dis *693 turb the trial court’s decision. See Wise v. Schmidek, 649 So.2d 336, 337 (Fla. 3d DCA 1995); Sanchez v. Solomon, 508 So.2d 1264, 1265 (Fla. 3d DCA 1987). The terms of a permanent injunction must be confined to what is required by the circumstances justifying the injunction, and those terms are subject to alteration when those circumstances change. See Eastern Fed. Corp. v. State Office Supply Co., Inc., 646 So.2d 737, 741 (Fla. 1st DCA 1994); Hale v. Miracle Enters. Corp., 517 So.2d 102, 103 (Fla. 3d DCA 1987). In the absence of evidence that the circumstances have changed, we find no abuse of discretion in the denial of the motion to modify.
Affirmed.