PER CURIAM.
Samir Geryes Elias appeals from an injunction prohibiting any contact with Dr. Lisa Steele. At the time of the events which formed the predicate for the injunction, Dr. Steele was a pathologist at the Miami-Dade County Medical Examiner’s Office. The appellant’s father had died as a result of advanced cancer of the bladder which had spread to other regions and portions of his body. Dr. Steele performed the autopsy on the decedent which confirmed the cause of death. During that procedure she had removed certain fluids from organs and portions of the body and all tests performed were consistent with the ingestion of medications during the decedent’s illness. Toxicology reports were negative. All we can conclude from this sparse record is that appellant through fear, suspicion and lack of knowledge, had become angered at Dr. Steele, accusing her of either incompetence, or purposely obfuscating the real cause of his father’s death.
Based upon the sparse record, we can only conclude that the injunction was properly entered. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)(an appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory, without a record of the trial proceedings.)
Affirmed.