940 So.2d 495 (2006)
Samir G. ELIAS a/k/a Charles Geryeshelias Blanc, Appellant,
v.
Lisa STEELE, M.D., Appellee.
No. 3D06-416.
District Court of Appeal of Florida, Third District.
October 18, 2006.
Samir G. Elias, a/k/a Charles Geryeshelias Blanc, in proper person.
Murray A. Greenberg, Miami-Dade County Attorney, and Jason Bloch and Bruce Libhaber, Assistant County Attorneys, for appellee.
Before CORTIÑAS, ROTHENBERG, and LAGOA, JJ.
PER CURIAM.
The appellant, Samir G. Elias ("Elias"), appeals from an Order denying his motion *496 to vacate a permanent injunction entered against him. We affirm as we find that Elias failed to establish a substantial change to support vacating the injunction.

FACTS
A permanent injunction was entered against Elias in 2002, following appellee's Petition for Injunction. At the time of the petition and entry of the injunction, appellee was a fellow at the Medical Examiner's Office, and performed the autopsy on Elias's father. Appellee's report concluded that Elias's father died of natural causes, i.e., cancer of the urinary bladder. After receiving the report, Elias disagreed with the cause of death, and insisted that his father was the victim of a murder conspiracy involving the FBI, the police, the hospital, and the White House, among others, and accused the appellee of tampering with the body and the evidence. Appellee filed the Petition for Injunction against Elias, alleging that Elias harassed and threatened her, on one occasion telling her that he would kill whomever was involved in his father's murder. After an evidentiary hearing, a permanent injunction was entered against Elias, which prohibited him from, among other things, carrying a gun.
Elias timely appealed the injunction, which was affirmed by this Court in Elias v. Steele, 831 So.2d 211 (Fla. 3d DCA 2002), because a transcript of the hearing was not available. In December of 2005, Elias filed a motion requesting rehearing.[1]
At the evidentiary hearing, Elias presented the testimonies of Lieutenant Schillaci, Dr. Bruce Hyma, the Medical Examiner, and Ada Borras and Veronica Lamar, both of whom worked at the Medical Examiner's office. Elias's intent in calling these witnesses was to refute the allegations of appellee's complaint and establish what transpired at a meeting with the Medical Examiner's Office that took place prior to the entry of the injunction.
Lieutenant Schillaci testified that Elias became unruly following the meeting, and was escorted out of the Medical Examiner's building by the Lieutenant. On cross, Lieutenant Schillaci testified that he became concerned for everyone in the meeting because of the way Elias was acting. Additionally, Lieutenant Schillaci testified that he advised appellee to file an injunction against Elias. The Lieutenant explained that Elias made several harassing phone calls to appellee following the meeting, and that he was concerned enough about Elias's visits to the Medical Examiner's Office that he had posted a picture of Elias, with instructions that the police be called if he presented himself to the office.
Dr. Bruce Hyma testified on cross that the meeting was called between Elias and the Medical Examiner's Office in order to answer his questions. Law enforcement was also present because Elias was demanding answers that were not within the Medical Examiner's knowledge and were instead within the realm of law enforcement. Dr. Hyma indicated that the meeting was not successful because Elias "became quickly very irrational and was not willing to listen to information that we were trying to provide him in terms of the verbal, the written reports, and also photographs." Dr. Hyma testified that after the meeting appellee advised him that Elias was threatening her and that she was afraid for her life. Dr. Hyma testified that the appellee was "frightened." At that time, Dr. Hyma instructed appellee to contact the police and instructed the building manager to post pictures of Elias so that *497 his presence in the building would be reported to the police. Dr. Hyma also testified that he currently has a fear for the safety of his staff with respect to Elias.
Both Ada Borras and Veronica Lamar testified that Elias had been to the Medical Examiner's Office on several occasions and that they never saw him speaking or having contact with the appellee; Borras also testified that while the appellee was on the third floor, she worked on the second floor.
After Elias presented his witnesses, and made a closing statement, appellee's counsel argued that Elias merely reargued the merits of the case, and failed to establish or show any substantial change to support vacating the injunction.
The trial court agreed with appellee, finding that Elias did not prove any substantial change, and in fact, re-affirmed the testimony and evidence heard at the hearing on the injunction, and denied his motion.

ANALYSIS
An individual seeking to modify or dissolve an injunction must establish that the circumstances justifying the injunction have changed so that the terms of the injunction are no longer equitable. See Simonik v. Patterson, 752 So.2d 692 (Fla. 3d DCA 2000); Hale v. Miracle Enterprises Corp., 517 So.2d 102 (Fla. 3d DCA 1987). To this end, trial courts have broad discretion in dissolving or modifying injunctions, and unless a clear abuse of discretion is established, appellate courts will not disturb the trial court's decision. Wise v. Schmidek, 649 So.2d 336, 337 (Fla. 3d DCA 1995); Simonik, 752 So.2d at 692-93.
In the instant case, the trial court granted Elias an opportunity to present evidence and testimony at an evidentiary hearing. The record reflects that Elias presented testimony of several witnesses who were present at a meeting involving Elias, the Medical Examiner's Office and law enforcement. This testimony as the trial court noted, and as more fully set forth in the facts of this opinion, reaffirmed the basis for the injunction.
Based on a review of the record before us, we find no abuse of discretion in the trial court's denial of Elias's Motion for Rehearing, which the trial court properly treated as a Motion to Vacate. Elias failed to present any evidence that the circumstances of the parties had changed since the entry of the permanent injunction. Accordingly, we affirm the trial court's order.
Affirmed.
NOTES
[1] Although Elias's motion was phrased as a Motion for Rehearing, we find that the trial court properly treated it as a Motion to Vacate.