NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JENNIFER MILEY o/b/o J.A.M., )
)
        Appellant, )
)
v. )   Case No. 2D17-4775
)
JESSICA DUNN, by and through )
VICKI DUNN, )
)
        Appellee. )
_____ )

Opinion filed December 21, 2018.

Appeal from the Circuit Court for Polk
County; Catherine L. Combee, Judge.

Jean Marie Henne of Jean M. Henne,
P.A., Winter Haven, for Appellant.

Sara M. McKinley of McKinley Law
Firm, P.A., Bartow, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

        Jennifer Miley, on behalf of her son J.A.M., appeals the trial court's order

denying her motion to modify a final injunction for protection against sexual violence.

The final injunction had been entered in 2007 in favor of J.A.M. and against respondent

Jessica Dunn and prohibited Dunn, in pertinent part, from coming within 250 feet of the

school that J.A.M. attended at that time, which is listed on the injunction.  We agree with

Miley's argument that the trial court abused its discretion in denying her request to update the injunction with J.A.M.'s current school and bus stop, and so we reverse the denial of her motion and remand for the trial court to enter an amended injunction reflecting the new school and bus stop.

## Background

In 2007, the trial court entered a final injunction in favor of J.A.M. and against Dunn to protect J.A.M. from sexual violence. See § 784.046(2), Fla. Stat. (2007) (creating a cause of action for an injunction for protection from sexual violence); see also § 784.046(7)(b) (providing that "the court may grant such relief as the court deems proper, including . . . relief as the court deems necessary for the protection of the petitioner, including injunctions or directives to law enforcement agencies, as provided in this section"). In pertinent part, the injunction prohibits Dunn from going within 250 feet of the "place where Petitioner attends school," and it lists the address of the preschool that J.A.M. had been attending in 2007. The trial court also ordered that the injunction would remain in full force and effect until further order of the court. See § 784.046(7)(c), Fla. Fam. L. R. P. 12.610(c)(4)(B).[1]

In 2017, Miley moved for the court to modify the injunction pursuant to rule 12.610(c)(6) ("The petitioner or respondent may move the court to modify or vacate an injunction at any time."). See also § 784.046(10), Fla. Stat. (2017) (same); § 784.046(7)(c) ("Either party may move at any time to modify or dissolve the injunction. Such relief may be granted in addition to other civil or criminal remedies."). Miley

---

[1]Unlike injunctions in civil cases that are governed by Florida Rule of Civil Procedure 1.610, the Florida Family Law Rules of Procedure apply to injunctions for protection from sexual violence. See Fla. Fam. L. R. P. 12.610(a).

asserted that J.A.M. was now attending high school at a K-12 school and that she subsequently had learned that Dunn's son was also attending that same K-12 school. Thus, Miley requested that the court update the final injunction to remove the address of J.A.M.'s former preschool and replace it with the address of his current K-12 school and the address of the bus stop where he catches the school bus.

Such relief would preclude Dunn from setting foot on the campus where her own son now attends kindergarten. Instead of formally responding to Miley's motion, however, Dunn moved separately to dissolve the injunction, asserting that it was no longer necessary and that it was impractical to prevent her from attending school functions and from transporting her son to and from school. Although Dunn alternatively moved to modify the injunction, she did not propose any specific modification.

The trial court heard both Miley's and Dunn's motions at a single hearing.[2] In pertinent part, Miley testified that J.A.M. now attends high school at a K-12 school and rides the bus to school. Dunn testified that she recently enrolled her son in kindergarten at the same K-12 school but that she did not let him ride the bus to school because he was too young. Dunn acknowledged that she subsequently learned that J.A.M. attended school there. The court did not rule at the hearing, but in a written order, it stated that it was denying both Miley's "motion to modify" and Dunn's "motion to dismiss."

_____

[2]In her motion, Miley also requested that the court modify the injunction to include J.A.M.'s church and the pool where his swim team practices, but she did not pursue that request at the hearing and has apparently abandoned it on appeal. Accordingly, we do not address it.

Dunn moved for clarification, asserting that she was unsure whether the trial court had denied her motion in toto or only to the extent that she had sought dissolution of the injunction.  Dunn proposed that the court enter an order clarifying that she is permitted to be at the school "when needed to perform tasks associated with her child attending school."  Miley timely filed a notice of appeal of the court's order denying her motion to modify the injunction, and the court never ruled on Dunn's motion for clarification.  Dunn neither cross-appealed nor separately appealed the denial of her motion.  Accordingly, we review the trial court's order only to the extent that it denied Miley's motion.[3]

_____

[3]Notwithstanding Dunn's outstanding motion for clarification with respect to the denial of her motion to dissolve the injunction, we have jurisdiction to review the trial court's denial of Miley's motion to modify the injunction, which is a separate proceeding despite the trial court's consideration of the motions at the same hearing. See S. L. T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974) ("[G]enerally, to be appealable as final, an order or decree must dispose of all the issues or causes in the case, but this general rule is relaxed where the judgment, order or decree adjudicates a distinct and severable cause of action, not interrelated with remaining claims pending in the trial court."); cf. Fla. R. App. P. 9.020(i)(1) (providing that if there is a timely and authorized motion tolling rendition directed towards a final order, then that "final order shall not be deemed rendered as to any existing party until the filing of a signed, written order disposing of the last of such motions"); compare Fla. Fam. L. R. P. 12.610(c)(6) (providing that either the petitioner or the respondent may at any time file a motion to modify or vacate an injunction entered pursuant to the Florida Family Law Rules of Procedure), with Fla. Fam. L. R. P. 12.100(a), .110(h), .170(a) (requiring that for proceedings that may not be initiated by motion under the Florida Family Law Rules of Procedure, a party seeking postjudgment relief must file a supplemental petition and an opposing party must raise any postjudgment claims arising out of the same transaction or occurrence via a counter-supplemental petition).  Although most of the parties' arguments on appeal focus on whether Dunn should be allowed to set foot on the campus of the K-12 school, that question is not currently before this court; it is in Dunn's separate proceeding—which is not on appeal but still pending in the trial court—that the determination must be made whether to dissolve or substantively modify the injunction as Dunn asks.

**Discussion**

In entering an injunction for protection against sexual violence, a court has wide discretion in setting forth terms necessary to protect the victim in light of the circumstances justifying the injunction. See § 784.046(7); Simonik v. Patterson, 752 So. 2d 692, 693 (Fla. 3d DCA 2000) ("The terms of a permanent injunction must be confined to what is required by the circumstances justifying the injunction."). When seeking modification of an injunction for protection against sexual violence, therefore, the movant has the burden of establishing a change in circumstances such that equity requires the modification to ensure that the victim remains protected as was contemplated when the injunction was originally entered. See Reyes v. Reyes, 104 So. 3d 1206, 1207 (Fla. 5th DCA 2012) ("[F]or a movant to be entitled to obtain relief on a motion to modify or dissolve a domestic violence injunction, the movant must prove a change in circumstances."); Elias v. Steele, 940 So. 2d 495, 497 (Fla. 3d DCA 2006) ("An individual seeking to modify or dissolve an injunction must establish that the circumstances justifying the injunction have changed so that the terms of the injunction are no longer equitable."). The trial court has broad discretion to modify or dissolve an injunction when changes in circumstances make it equitable to do so, see Alkhoury v. Alkhoury, 54 So. 3d 641, 642 (Fla. 1st DCA 2011) ("[P]ermanent injunctions, which remain indefinitely in effect, may be modified by a court of competent jurisdiction 'whenever changed circumstances make it equitable to do so.' " (quoting Hale v. Miracle Enters. Corp., 517 So. 2d 102, 103 (Fla. 3d DCA 1987))), and so we review for an abuse of that discretion the court's denial of Miley's motion, see Simonik, 752 So. 2d at 692-93.

With respect to the limited matter before us here, Miley did not seek a substantive modification of the original injunction but merely to update the original injunction with what Dunn concedes is J.A.M.'s current school and the bus stop location that he uses to get to school. Updating the address of J.A.M.'s school and bus stop in the injunction would thus be completely consistent with the trial court's exercise of its discretion in 2007 to fashion appropriate means to protect J.A.M. from sexual violence. Moreover, not only would granting this modification not change the relief that the court originally deemed necessary to protect J.A.M. when it entered the 2007 injunction, but it would comport with the longstanding notion that injunctions prohibiting conduct should be clearly defined because "[t]he one against whom it is directed should not be left in doubt about what he is to do." Pizio v. Babcock, 76 So. 2d 654, 655 (Fla. 1954).

## Conclusion

We therefore hold that the trial court abused its discretion in denying Miley's request to update the injunction with J.A.M.'s new school and bus stop information, reverse the trial court's order denying Miley's motion, and remand for entry of an amended final injunction reflecting that update. Our holding, however, is without prejudice to the trial court's resolution of the separate proceedings on Dunn's motion.

Reversed; remanded with directions.

NORTHCUTT and CRENSHAW, JJ., Concur.