# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1745
Lower Tribunal No. 23-15678-FC-04
_____


**Terrance Graham,**
Appellant,

vs.

**Shania Saintil,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Elisabeth Espinosa Marin, Judge.

Terrance Graham, in proper person.

No appearance, for appellee.


Before GORDO, LOBREE and BOKOR, JJ.

GORDO, J.

Terrance Graham appeals the trial court's non-final order denying his motion to dissolve a final injunction for protection against stalking violence. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(B). We affirm.

On October 10, 2023, the trial court issued an indefinite final injunction for protection against Graham. Almost two years later, Graham filed a motion to dissolve the final injunction claiming a material change in circumstances. The trial court subsequently held a full evidentiary hearing and denied the motion. Graham now appeals the order denying his motion to dissolve.

"The trial court has 'broad discretion in granting, denying, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, appellate courts will not disturb the trial court's decision.'" Larios v. Larios, 359 So. 3d 1224, 1227 (Fla. 3d DCA 2023) (quoting Simonik v. Patterson, 752 So. 2d 692, 692-93 (Fla. 3d DCA 2000)). "And 'if reasonable people could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.'" Id. (quoting Noe v. Noe, 217 So. 3d 196, 199 (Fla. 1st DCA 2017)).

In accordance with section 784.0485(6)(b), Florida Statutes "[t]he terms of an injunction . . . shall remain in effect until modified or dissolved." Fla. Stat. § 784.0485(6)(b). "Either party may move at any time to modify or

dissolve the injunction." Id. "Because permanent injunctions are open-ended and everlasting, they must be subject to dissolution when the circumstances that justified such an injunction are no longer operative." Larios, 359 So. 3d at 1227 (quoting Trice v. Trice, 267 So. 3d 496, 499 (Fla. 2d DCA 2019)).

"A party moving to dissolve the injunction must show changed circumstances." Labrake v. Labrake, 335 So. 3d 214, 217 (Fla. 1st DCA 2022). "To establish a change in circumstances, the 'movant must "demonstrate that the scenario underlying the injunction no longer exists so that the continuation of the injunction would serve no valid purpose."'" Id. (quoting Hobbs v. Hobbs, 290 So. 3d 1092, 1094 (Fla. 1st DCA 2020)).

Graham argues the trial court abused its discretion in denying dissolution because he demonstrated material changes in circumstances. But the court held a hearing for which Graham has not provided a transcript. The record contains a finding that Graham failed to provide evidence of a sufficient change in circumstances and that Shania Saintil continued to be in reasonable fear. The burden rests on Graham to demonstrate a clear abuse of discretion and without a transcript of the hearing that burden cannot be met. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court

3

can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. . . . [T]he record brought forward by the appellant is inadequate to demonstrate reversible error."); White v. White, 717 So. 2d 89, 90 (Fla. 3d DCA 1998) ("There is no transcript of the hearing in the record before us and we will not disturb the trial court's finding."); Cyrus v. Cyrus, 324 So. 3d 590, 591-92 (Fla. 1st DCA 2021) ("It is Appellant's responsibility to ensure that an adequate record to resolve the issues raised on appeal is provided to the appellate court. Without a transcript of the hearing, this Court is unable to determine whether the trial court committed a clear abuse of discretion by failing to [dissolve] the injunction." (citations omitted)). We are compelled to affirm the trial court's order.

Affirmed.