ROTHENBERG, Judge.
Laurance Costanzo (“Mr. Costanzo”) appeals from a non-final order denying without prejudice his Renewed Motion for Dissolution of Final Judgment of Injunction and Protection Against Domestic Violence (“Renewed Motion to Dissolve”). We affirm.
In April 2002, Laura Costanzo (“Ms. Costanzo”), who is Mr. Costanzo’s sister, filed a Petition for Injunction for Protection Against Domestic Violence (“Initial Petition”), pursuant to section 741.30, Florida Statutes (2002). Following an eviden-tiary hearing, the trial court entered a Final Judgment of Injunction for Protection Against Domestic Violence (“Injunction”) in October 2002. The Injunction prohibited Mr. Costanzo, for an indefinite period of time, from 1) having any contact with Ms. Costanzo; 2) contacting or having any third party contact anyone “connected with [Ms. Costanzo’s] employment or school to inquire about Ms. Costanzo”; and 3) coming within 500 feet of Ms. Cos-tanzo’s residence or place of employment.
On January 19, 2005, Ms. Costanzo filed a Motion for Order to Show Cause, alleging that Mr. Costanzo violated the terms of the Injunction by contacting her employer and other authorities. On February 10, 2005, Mr. Costanzo filed a Renewed Motion to Dissolve, arguing that “there are no valid grounds to support the continuing enforcement of the Injunction.”
A hearing was held on May 6, 2005, addressing Mr. Costanzo’s Renewed Motion to Dissolve and Ms. Costanzo’s Motion for Order to Show Cause. During the hearing, the trial court stated that it was denying Mr. Costanzo’s Renewed Motion to Dissolve. At the conclusion of the hearing, Ms. Costanzo’s attorney stated, “Last thing for housekeeping: In the interim, I’m assuming that the order — the Motion to Dissolve is denied without prejudice pending the evidentiary hearing?” In response, the trial court stated, “Yes. Okay.”
On May 24, 2005, the trial court entered an order granting Ms. Costanzo’s Motion for Order to Show Cause, providing that it will “schedule an evidentiary hearing on this matter at a later date.” On August 8, 2005, the trial court entered an order denying Mr. Costanzo’s Renewed Motion to Dissolve without prejudice to refile at a later date, and additionally “prohibited [Mr. Costanzo] from initiating contact with any State or Federal officials in connection with any ongoing investigation in connection with [Ms. Costanzo].”
In this non-final appeal, Mr. Cos-tanzo contends that the trial court erred in denying his Renewed Motion to Dissolve as Ms. Costanzo did not establish in her Initial Petition that she was entitled to a domestic violence injunction. In support of this contention, he raises two arguments. First, he argues that Ms. Costan-zo does not fall within the protections of section 741.30(l)(e), Florida Statutes (2002), as he and Ms. Costanzo were not living together at the time the Initial Petition was filed and have not lived together for numerous years. We disagree. Not only has this argument been previously rejected by this court, see Rosenthal v. Roth, 816 So.2d 667, 667-68 (Fla. 3d DCA 2002)(holding that a sister was properly granted a permanent domestic violence injunction against her brother, even though they had not resided with each other for more than forty years, where an argument between the siblings escalated into physical violence), it is contrary to Florida statutory law. Section 741.30(l)(e), Florida Statutes (2002), provides that a “cause of action for a[] [domestic violence] injunction may be sought by family or household members. ...” (Emphasis added). Moreover, section 741.28(3), Florida Statutes *1213 (2002), provides that “ ‘Family or household member’ means ... persons related by blood .... With the exception of persons who have a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.” (Emphasis added). As Mr. and Ms. Cos-tanzo are brother and sister, they are related by blood, and because they have resided together in the past, Ms. Costanzo was entitled to seek and obtain a domestic violence injunction against Mr. Costanzo and be afforded the protections provided in section 741.30(l)(e), Florida Statutes (2002).
Second, Mr. Costanzo asserts that the allegations contained in the Initial Petition are insufficient to state a cause of action for an injunction for protection against domestic violence. To state a cause of action, the petitioner must allege sufficient facts demonstrating that he or she is a “victim of domestic violence” or “has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence ....” § 741.30(l)(a), Fla. Stat. (2002). “Domestic violence” is defined, in part, as “any assault, ... battery, ... or any criminal offense resulting in physical injury ... of one family or household member by another family or household member.” § 741.28(2), Fla. Stat. (2002). The Initial Petition sufficiently asserts that Ms. Cos-tanzo was a “victim of domestic violence” and that she had “reasonable cause to believe” that she was “in imminent danger of becoming the victim of any act of domestic violence,” in that Mr. Costanzo 1) verbally threatened to harm her by stating, “You’re going to disappear and no one is going to know when, how, where or why”; 2) verbally threatened to harm her by stating, “I’m going to throw acid in your face and disfigure you”; and 3) verbally threatened and physically harmed her when he placed her in a headlock and stated, “should I paralyze you now or later.”
Mr. Costanzo also argues that a permanent injunction cannot be extended unless the moving party presents evidence that establishes that there has been an additional act of violence or that he or she has a continuing reasonable fear that an act of domestic violence is likely to occur or reoccur in the future. Although Mr. Costanzo’s statement of the law is generally correct, see Sheehan v. Sheehan, 853 So.2d 523, 525 (Fla. 5th DCA 2003)(holding that “in order to obtain an extension of a domestic violence injunction, the moving party must present evidence from which a trial court can determine that a continuing fear exists and that such fear is reasonable, based on all the circumstances”), his argument is inapplicable as Ms. Costanzo did not file a motion to extend the Injunction, but instead, Mr. Costanzo filed a motion to dissolve the Injunction.
Finally, contrary to Mr. Costanzo’s assertion, he was not denied an opportunity to present evidence on his Renewed Motion to Dissolve. During the May 6, 2005 hearing, Mr. Costanzo admitted that he had contacted Ms. Costanzo’s employer. Based on his admission, the trial court found that Mr. Costanzo violated the Injunction; ordered him to show cause why he should not be held in contempt of court and/or in indirect criminal contempt for violating the Injunction; and denied the Renewed Motion to Dissolve without prejudice, “pending the evidentiary hearing.” However, before the trial court was able to schedule and conduct an evidentiary hearing, Mr. Costanzo filed his non-final appeal challenging the trial court’s order denying his Renewed Motion to Dissolve without prejudice. We, therefore, conclude that it was Mr. Costanzo’s actions, not the trial *1214 court’s refusal to conduct an evidentiary-hearing, which has precluded the trial court from considering any additional evidence Mr. Costanzo may wish to present.
We decline to address the remaining issues raised by Mi*. Costanzo in this non-final appeal as we find them to be without merit.
Affirmed.