KAHN, J.
 

 The trial court, without elaboration, granted a motion filed by appellee, the
 
 *642
 
 former husband, to dissolve a permanent injunction against domestic violence. Appellant, the former wife, seeks review. Because the circumstances that gave rise to the injunction had not changed, we reverse.
 

 Having thoroughly reviewed the extremely graphic testimony presented at the hearing, we have no difficulty concluding that the circumstances that originally justified the injunction had not changed. We also conclude that the former husband made no showing that the injunction did not remain necessary to fulfill the purposes of section 741.80(6)(b), Florida Statutes (2010) (“In determining whether a petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence, the court shall consider and evaluate all relevant factors alleged.... ”).
 

 Although section 741.30(10), Florida Statutes, provides that either party may move for modification or dissolution of a domestic violence injunction at any time, the statute does not directly speak to the burden of proof upon the movant. As a general rule, permanent injunctions, which remain indefinitely in effect, may be modified by a court of competent jurisdiction “whenever changed circumstances make it equitable to do so.... ”
 
 Hale v. Miracle Enters. Corp.,
 
 517 So.2d 102, 103 (Fla. 3d DCA 1987). The requirement to show changed circumstances applies equally to modification or dissolution of a protective injunction.
 
 See Knight v. Waters,
 
 786 So.2d 1289 (Fla. 1st DCA 2001);
 
 Simonik v. Patterson,
 
 752 So.2d 692 (Fla. 3d DCA 2000). Also, and by analogy, a party seeking an extension of a domestic violence injunction “must present evidence from which a trial court can determine that a continuing fear exists and that such fear is reasonable, based on all the circumstances.”
 
 Sheehan v. Sheehan,
 
 853 So.2d 523, 525 (Fla. 5th DCA 2003).
 

 Here, we find no indication whatsoever that the former husband presented evidence sufficient to successfully carry the burden of changed circumstances. We also find no evidence to demonstrate that the former wife did not reasonably maintain a continuing fear of becoming a victim of domestic violence. In the specific context of a domestic violence injunction, we believe the “changed circumstances” rule can best be carried out by a requirement that a party, against whom a domestic violence injunction has been entered, must, if such party seeks to dissolve the injunction, demonstrate that the scenario underlying the injunction no longer exists so that continuation of the injunction would serve no valid purpose. Because the former husband presented no such evidence, we find that the trial court should not have dissolved the injunction.
 

 REVERSED and REMANDED with instructions that the injunction against domestic violence be reinstated.
 

 DAVIS and HAWKES, JJ., concur.