DAVIS, Judge.
Stephen Robert Baker, pro se, challenges the trial court’s order denying his motion to dissolve an injunction for protection against domestic violence. Because Mr. Baker demonstrated that there has been a material change in circumstances since the entry of the permanent injunction, we reverse.
On March 15, 2007, a final judgment of injunction for protection against domestic violence without minor children was entered against Mr. Baker in favor of his estranged wife, Debra Rae Baker. In her petition for injunction, Mrs. Baker alleged that Mr. Baker
came to my home after being released from jail, he broke the door down, had a confrontation with me and said the words he is going to kill me, and called *735 me a whore because my boyfriend was here for my protection.... And during the heat of the argument, he spit in my face, and threatened to burn my house down with me in it. He said he was going to take all my furniture and everything in my house before he burned it down....
In his October 12, 2011, motion to dissolve the injunction, Mr. Baker alleged, among other things, that he has
had no contact, [will] have no contact, and desire[s] no contact with Debra. I am not out to hurt her, and never wanted to hurt her. We are divorced and I have moved on. I’ve got 30 years DOC and this injunction is stopping me from transferring closer to home due to my custody level not lowering because of this injunction.
(Emphasis added.) Following a hearing, the trial court denied the motion, stating that “the respondent has not demonstrated ... a material change in the circumstances since the entry of the injunction.”
The trial court is correct that in order to dissolve the domestic violence injunction, Mr. Baker had to show a change in circumstances since entry of the injunction. See Reyes v. Reyes, 104 So.3d 1206, 1206 (Fla. 5th DCA 2012) (“[F]or a mov-ant to be entitled to obtain relief on a motion to modify or dissolve a domestic violence injunction, the movant must prove a change in circumstances.”); Alkhoury v. Alkhoury, 54 So.3d 641, 642 (Fla. 1st DCA 2011) (“As a general rule, permanent injunctions, which remain indefinitely in effect, may be modified by a court of competent jurisdiction ‘whenever changed circumstances make it equitable to do so.’ ” (quoting Hale v. Miracle Enters. Corp., 517 So.2d 102, 103 (Fla. 3d DCA 1987))).
Mr. Baker maintains that the material change in circumstances here is the fact that since the entry of the final judgment of injunction, he has been sentenced to thirty years’ imprisonment on grand theft and organized fraud charges. At the hearing below, at which he appeared telephoni-cally, he informed the trial court that he currently is incarcerated with an expected release date of 2035. Although he couched the fact of his incarceration in the argument that the injunction was preventing him from acquiring a prison transfer, Mr. Baker did make it clear to the trial court that his imprisonment was something that had changed since entry of the final injunction. As such, we conclude that he has “demonstrate[d] that the scenario underlying the injunction no longer exists so that continuation of the injunction would serve no valid purpose.” Alkhoury, 54 So.3d at 642.
We therefore reverse the denial of Mr. Baker’s motion to dissolve the injunction.
Reversed.
NORTHCUTT and BLACK, JJ., Concur.