NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALAN J. SPAULDING,                        )
                                          )
            Appellant,                    )
                                          )
v.                                        )        Case No. 2D12-1963
                                          )
AMY L. SHANE,                             )
                                          )
            Appellee.                     )
_____)

Opinion filed November 5, 2014.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Christine K. Vogel, Judge.

Alan J. Spaulding, pro se.

No appearance for Appellee.

SILBERMAN, Judge.

Alan J. Spaulding seeks review of the trial court's order denying his motion

to dissolve a permanent injunction for protection against domestic violence that was

entered in April 2003. The basis of the motion was that Spaulding was serving a forty-

year prison sentence and had not had contact with the victim for over ten years. We

reverse because the trial court applied the wrong standard in denying the motion.

In April 2003, Amy L. Shane filed a petition for injunction against domestic

violence in which she asserted that Spaulding, her live-in boyfriend, pushed her during an argument and then refused to leave when told to do so. Shane also alleged that Spaulding had "man-handled" her and her minor child on numerous occasions. After conducting a hearing on the matter, the trial court entered a final judgment of injunction for protection against domestic violence that prohibited Spaulding from contacting Shane or coming within 500 feet of her.

In May 2011, Spaulding filed a motion to dissolve the injunction in which he claimed that the circumstances under which the injunction was issued no longer existed because he would be incarcerated until July 2039 and had no ability to commit domestic violence against Shane. Spaulding also alleged that he had not attempted to contact or communicate with Shane since the injunction was entered in 2003. Spaulding explained that the injunction caused him to suffer certain collateral effects in prison.

The trial court conducted a telephonic hearing and entered an order denying the motion. The court summarized the parties' testimony. Spaulding testified as to his anticipated release date and the adverse impact of the injunction. Shane testified that she still feared Spaulding and was concerned that he might try to contact her from prison or after he is released. Shane stated that Spaulding had written to her in May 2003, but Spaulding denied this allegation. The court did not determine which witness was more credible. Instead, the court ruled as follows:

> This court does not find the collateral adverse effects of the injunction to be sufficient to warrant the dissolution of the Court's order of protection entered in favor of the petitioner. While there has been no recent contact that also does not persuade the court to lift the order as it appears to

be accomplishing the intent of the Court that there be no contact between the parties, either directly or indirectly.

We reverse because the trial court applied the incorrect standard in denying Spaulding's motion to dissolve the injunction. In order to establish entitlement to dissolution of an injunction, the movant must prove that there has been a change in circumstances since the injunction was entered. Baker v. Baker, 112 So. 3d 734, 735 (Fla. 2d DCA 2013); Alkhoury v. Alkhoury, 54 So. 3d 641, 642 (Fla. 1st DCA 2011). This requires the movant to "demonstrate that the scenario underlying the injunction no longer exists so that continuation of the injunction would serve no valid purpose." Alkhoury, 54 So. 3d at 642. This standard is clearly different than the standard applied by the trial court.

While we would ordinarily reverse and remand for the trial court to apply the correct standard, it is clear from the face of the court's order that Spaulding is entitled to have his motion to dissolve injunction granted. The facts of this case are analogous to those in Baker. There, an estranged wife filed a petition for injunction for protection against domestic violence based on allegations that her estranged husband came to her home, broke down her door, spit in her face, and threatened to kill her and burn her house down. Baker, 112 So. 3d at 734-35. The husband subsequently filed a motion to dissolve the injunction in which he alleged that the parties had divorced, he had no contact with the former wife, and he was serving a thirty-year prison term. Id. at 735. The trial court denied the motion, but this court reversed. This court concluded that the husband's prison term constituted a change in circumstances that eradicated the scenario underlying the injunction such that continuing the injunction would not serve a valid purpose. Id.

- 3 -

As in <u>Baker</u>, Spaulding is serving a long prison sentence with an anticipated release date that is decades away. And this prison term constitutes a change in circumstances that eliminated the scenario underlying the injunction which was Spaulding's man-handling of Shane. We acknowledge the trial court's comment that the injunction appeared to be working as there had not been recent contact between the parties. But under the applicable legal standard, the court erred in denying Spaulding's motion to dissolve because he is incarcerated, he is not likely to be released anytime soon, and he has not had any contact with Shane for over ten years.

We therefore reverse the order denying Spaulding's motion to dissolve injunction with directions for the court to grant the motion on remand.

Reversed and remanded with directions.

KELLY and VILLANTI, JJ., Concur.