BILBREY, J.
Bradley Noe, Appellant, challenges the order denying his motion to dissolve the injunction for protection against domestic violence entered against him approximately fifteen years prior to his motion.[1] Appellant asserts that the trial court applied an incorrect standard in denying his motion and that his intervening incarceration was a sufficient change of the circumstances upon which the injunction was based to require dissolution of the injunction. Finding no abuse of the trial court’s discretion, we affirm the order on appeal.
The injunction at issue was entered on February 22, 2000, based on an incident of domestic violence while the parties were married and Appellee was pregnant. Shortly after the injunction was issued, the parties were divorced, the child was born, and the parties complied with the injunction for several months. However, after the child was born, Appellant sought contact with the child and began visiting the child in Appellee’s home with Appellee’s consent, despite the injunction. Appellee *198 became pregnant with twins and the complications from the pregnancy prompted her to resume residing with Appellant. The pregnancy ended in one twin’s death and severe medical issues for the other twin, requiring extensive hospitalization followed by the need for constant care at home.
Appellee testified at the hearing on the motion to dissolve the injunction, and Appellant did not deny, that their relationship was troubled but the medical needs of the surviving twin baby prevented Appellee from supporting herself and removing herself from Appellant’s residence. Appellee did eventually leave Appellant’s home with the children after an incident where Appellant disconnected the baby’s heart monitor during the night, resulting in a life-threatening situation, requiring emergency medical transport, which the baby miraculously survived. Appellee described events even after she left Appellant’s residence demonstrating his history of controlling or attempting to control Appellee with threats, false statements to officials and the court, withholding child support as a means to prevent Appellee from reporting illegal acts, and one instance of battery while Appellee was collecting a check for child support. Appellant denied that battery occurred.
The parties’ testimony was consistent that Appellant’s parental rights were terminated in 2004 or 2005, and that he has not been in Appellee’s physical presence since his incarceration began in 2010. However, Appellant’s sentences will expire in less than five years, and Appellee testified that she feared for her safety due to his “vindictive” feelings towards her and his history of re-appearing just when she believed he was gone from her life. Appellant offered no testimony to contradict Ap-pellee’s expressions of fear that upon his release Appellee would once again be in imminent danger of becoming a victim of domestic violence, as that term is statutorily defined.[2] The trial court decided that the evidence presented on the record supported Appellee’s reasonable fear of continuing domestic violence, as defined in section 741.28(2),- Florida Statutes, such that Appellant’s motion to dissolve the injunction should be denied. This appeal followed.
Undoubtedly, many circumstances have changed since the entry of the injunction in February of 2000. Appellant asserts that his incarceration and the resulting years of non-contact with Appel-lee are a sufficient change to entitle him to dissolution of the injunction.[3] However, he relies on only part of the proof required. A party seeking to dissolve an injunction must “demonstrate that the scenario underlying the injunction no longer exists so that continuation of the injunction would serve no valid purpose.” Alkhoury v. Alkhoury, 54 So.3d 641, 642 (Fla. 1st DCA 2011). The party opposing dissolution must *199 demonstrate that he or she “reasonably maintain[s] a fear of becoming a victim of domestic violence.” Id. While this record shows that the initial scenario underlying the injunction no longer exists, the trial court exercised its discretion in concluding that the injunction still serves a valid purpose.
After considering the testimony of the witnesses, the trial court determined that Appellant’s current incarceration was insufficient to support dissolution of the injunction. Unlike Bush v. Henney, 175 So.3d 930 (Fla. 4th DCA 2015), where no violations of the injunction had occurred over the fourteen years it was in effect, Appellee here testified extensively about the history of violations of this injunction and about her continuing fear of becoming a victim of domestic violence upon Appellant’s release from custody.
As stated in Simonik v. Patterson, 752 So.2d 692, 692 (Fla. 3d DCA 2000), “[t]he trial court has broad discretion in granting, denying, dissolving, or modifying injunctions, and, unless a clear abuse of discretion is demonstrated, appellate courts will not disturb the trial court’s decision.” See also Shierling v. Hall, 67 So.3d 251 (Fla. 2d DCA 2010) (holding that record did not support finding that denial of motion to modify injunction was an abuse of discretion). “ ‘This is particularly true where the order relies on live testimony or other evidence that the trial court is singularly well-suited to evaluate.’ ” Carricarte v. Carricarte, 961 So.2d 1019, 1020 (Fla. 3d DCA 2007) (quoting Smith v. Coalition to Reduce Class Size, 827 So.2d 959, 961 (Fla. 2002)). The record in this case demonstrates that the trial court’s decision was based on the live testimony presented at the hearing and the trial court’s evaluation of the parties as they appeared in the proceedings.
Judicial discretion is defined as the “power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court.” Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980) (quoting 1 Bouvier’s Law Dictionary & Concise Encyclopedia 804 (8th ed. 1914)). An “appellate court must fully recognize the superior vantage point of the trial judge and should apply the ‘reasonableness’ test to determine whether the trial judge abused his [or her] discretion.” Canakaris, 382 So.2d at 1203. The often-cited “reasonableness” test, as restated in Canakaris, is that “discretion is abused only where no reasonable [person] would take the view adopted by the trial court. If reasonable [people] could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.” Id. (quoting Delno v. Market Street Railway Co., 124 F.2d 965, 967 (9th Cir. 1942)).
While the injunction at issue was issued many years ago under circumstances which have certainly changed, Appellant’s reliance on Spaulding v. Shane, 150 So.3d 852 (Fla. 2d DCA 2014), and Baker v. Baker, 112 So.3d 734 (Fla. 2d DCA 2013), is unavailing. In both of those cases, there had been no violations of the injunctions and the movants’ releases from prison were “decades away.” Spaulding, 150 So.3d at B54. While in those cases the movants’ lengthy incarcerations and uniform compliance with the injunctions justified dissolution, the evidence presented to the trial court in this case supported a different determination and therefore denial of the motion.
We decline to substitute our judgment for that of the trial court based on the evidence presented at the hearing on the motion. The court applied the correct stan *200 dard of proof, and Appellant fails to show that the court abused its discretion in denying his motion to dissolve the injunction in this case. The order on appeal is AFFIRMED.
WETHERELL and JAY, JJ., CONCUR.

. See §§ 741.28, 741.30, Fla. Stat.

. While not raised at the hearing, it is possible that someone incarcerated could commit domestic violence as defined by section 741.28, Florida Statutes, by assault, stalking, or aggravated stalking. It is also not unheard of for a prisoner to procure or attempt to procure someone to commit physical violence on an intended victim not in prison. See United States v. Spiker, 649 Fed.Appx. 770 (11th Cir. 2016); Saunders v. State, 208 So.3d 99 (Fla. 4th DCA 2017); Jones v. State, 908 So.2d 61S (Fla. 4th DCA 2005).

. Appellant did not assert that the voluntary contact Appellee had with him post-injunction provided grounds to dissolve the injunction. While evidence of current voluntary contact by a petitioner might show a current lack of fear, here the voluntary contact by Appellee was over a decade ago. Additionally, the injunction states, "[t]he terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction,”