NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KEVIN CHRISTOPHER TRICE,    )
    )
        Appellant,    )
    )
v.    )    Case No. 2D17-3673
    )
VICTORIA LYNN TRICE,    )
    )
        Appellee.    )
_____)

Opinion filed March 20, 2019.

Appeal from the Circuit Court for
Hillsborough County; Lisa D. Campbell,
Judge.

Maria Pavlidis of McCarty Gonzalez
Pavlidis & Whidden LLC, Tampa, for
Appellant.

Damien McKinney of McKinney Law Firm,
P.A., Tampa, for Appellee.


SALARIO, Judge.

Kevin Trice appeals from an order denying his motion to dissolve a

permanent domestic violence injunction in favor of Victoria Trice. He argues that the

trial court erred in denying his motion because the evidence proved that the

circumstances underlying the injunction had changed such that it no longer served a valid purpose. We agree and reverse.[1]

Mr. and Ms. Trice were married in 2007. In 2011, they were living together in Riverview, Florida. Both worked in the military. On June 11, 2011, Ms. Trice filed a petition to dissolve the parties' marriage. Seven days later, Ms. Trice filed a petition for an injunction for protection against domestic violence pursuant to section 741.30, Florida Statutes (2010). She alleged that on June 11, Mr. Trice pulled out a gun, trapped her in the garage, and threatened to shoot her in front of their nine-month-old daughter. Mr. Trice was arrested and charged with armed false imprisonment, aggravated assault, and domestic battery. The trial court entered a temporary injunction and set a hearing for June 27, 2011.

At the hearing on the injunction, Ms. Trice briefly testified about the incident in the garage. Mr. Trice declined to cross-examine her or offer testimony of his own, citing his pending criminal case. The trial court entered a final judgment granting a permanent injunction against domestic violence the same day. The final judgment stated that its injunctive provisions would not expire. On April 26, 2012, Mr. Trice was acquitted in the criminal case after a jury trial. On August 1, 2013, the trial court entered a final judgment dissolving the parties' marriage.

On June 27, 2016, Mr. Trice filed a motion to dissolve the injunction pursuant to section 741.30(6)(c), Florida Statutes (2015). At an evidentiary hearing before a successor judge on August 28, 2017, Mr. Trice testified that, after the

---

[1]To the extent that Mr. Trice separately argues that the original domestic violence injunction order was erroneously entered, we are without jurisdiction to consider it. See Fla. R. App. P. 9.110(b).

- 2 -

injunction was entered, he left the military and moved to Kansas to pursue a career in law enforcement. He returned to school and obtained a criminal justice degree. Despite his education and ten years of experience as a military policeman, he was unable to find a job in law enforcement because the permanent domestic violence injunction prevented him from getting licensed and legally handling firearms. He also testified that he has had no contact with Ms. Trice or his daughter since the injunction was entered.

Ms. Trice testified that at least at that time, she lived in Okinawa, Japan and that she would return to the United States when her military assignment there was over, which the testimony indicates might have occurred as soon as November 2017. However, there was no way to know where her next assignment might be. (Our record does not say whether Ms. Trice has now returned to the United States, or, if she has, where she lives.) Ms. Trice also testified that, after the injunction was entered, she hid from Mr. Trice until her reassignment. She limited her social media use and cut off contact from acquaintances she feared could help Mr. Trice find her.

Ms. Trice also stated that Mr. Trice ran afoul of the injunction in September 2011. She testified that she encountered him in a parking lot on the military base standing near their then-jointly-owned vehicle. She said that they did not exchange words and she immediately fled. For his part, Mr. Trice said that he was merely looking in the vehicle for his military uniform, had no intention of contacting Ms. Trice, and that once he saw her, he immediately turned around and left without speaking to her. The parties agreed that there has been no contact since this incident.

After the hearing, the trial court summarized the testimony and concluded that "there hasn't been a change in circumstances that relate[s] to this issue, such that

the . . . dissolution of the injunction is warranted." It entered an order denying the motion, from which this appeal follows. Our review is for abuse of discretion. See Reed v. Giles, 974 So. 2d 624, 625 (Fla. 4th DCA 2008) (reviewing order denying motion to dissolve domestic violence injunction for abuse of discretion); cf. Miley v. Dunn, No. 2D17-4775, 2018 WL 6712214, at *3 (Fla. 2d DCA Dec. 21, 2018) (applying the same standard to an order on a motion to modify a sexual violence injunction).

Section 741.30 allows a court to issue an injunction against domestic violence "when it appears to the court that the petitioner is either the victim of domestic violence . . . or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence." § 741.30(6)(a); see also Leaphart v. James, 185 So. 3d 683, 685 (Fla. 2d DCA 2016). Once entered, a domestic violence injunction "shall remain in effect until modified or dissolved." § 741.30(6)(c). Either party to a domestic violence injunction proceeding can move to modify or dissolve the injunction "at any time." Id.; see also Fla. Fam. L. R. P. 12.610(c)(6).

Although section 741.30(6)(c) does not state what a party who seeks to dissolve a domestic violence injunction must prove in order to obtain that relief, our court and others have held that the movant must show "that there has been a change in circumstances since the injunction was entered" such "that the scenario underlying the injunction no longer exists so that the continuation of the injunction would serve no valid purpose." Spaulding v. Shane, 150 So. 3d 852, 853 (Fla. 2d DCA 2014) (quoting Alkhoury v. Alkhoury, 54 So. 3d 641, 642 (Fla. 1st DCA 2011)); see also Bork v. Pare, 252 So. 3d 394, 395 (Fla. 2d DCA 2018); Hamane v. Elofir, 226 So. 3d 330, 330 (Fla. 5th DCA 2017). This approach lines up with the law's treatment of motions to dissolve ordinary injunctions issued pursuant to a court's equitable powers, which recognizes

- 4 -

that because permanent injunctions are open-ended and everlasting, they must be subject to dissolution when the circumstances that justified such an injunction are no longer operative. See Alkhoury, 54 So. 3d at 642 (evaluating motion to dissolve domestic violence injunction with reference to principles applicable to ordinary injunctions and noting that "permanent injunctions . . . remain indefinitely in effect"); Hale v. Miracle Enters. Corp., 517 So. 2d 102, 103 (Fla. 3d DCA 1987) (stating that "permanent injunctions are open ended and remain indefinitely in effect" and that their terms "must be confined to that required by their existing circumstances").

Here, when the domestic violence injunction was originally issued in 2011, it was justified by Ms. Trice's testimony that days after she filed for divorce and while both were employed in the military in Tampa, Mr. Trice confronted her and their infant daughter in their garage of their marital home and threatened to shoot her. Those events led to criminal charges against Mr. Trice. Ms. Trice's testimony was uncontroverted, with Mr. Trice declining to testify on the stated basis of concern for the criminal proceedings then pending against him. On that record, an injunction against domestic violence was undoubtedly proper—the record established without dispute that Ms. Trice had been a victim of domestic violence. See § 741.30(6)(a), Fla. Stat. (2010).

The evidence at the 2017 hearing on the motion to dissolve presented a significant change from the circumstances that existed six years earlier. At the time of the hearing on the motion to dissolve, it was undisputed that (1) Mr. Trice had been acquitted of the criminal charges arising out of the events that supported the entry of the permanent injunction; (2) the parties' marriage had been dissolved; (3) Mr. Trice was living in Kansas, not Florida; (4) Ms. Trice was living in Japan, not Florida; (5) Mr. Trice was no longer employed in the military, while Ms. Trice remained employed there; (6)

- 5 -

the parties had not seen each other in six years; and (7) Mr. Trice had made no attempt to contact Ms. Trice for six years. Although Ms. Trice expects to return to the United States, nothing in the record suggests that she will return to anywhere close to where Mr. Trice lives. And it is undisputed that the injunction is preventing Mr. Trice from finding employment in law enforcement or security in his home state of Kansas. The record establishes that any future contact between the parties is exceedingly unlikely and that the continuing existence of the injunction is precluding Mr. Trice from obtaining employment.

Under these facts, the trial court's conclusion that these circumstances were not "such that dissolution of the injunction is warranted" could only have rested on a theoretical possibility that Mr. Trice—after six years with no attempt at contact with Ms. Trice, living far away from Ms. Trice, and no longer sharing marriage or employment with Ms. Trice—might someday seek Ms. Trice out and harm her. To the extent the trial court impliedly found that this possibility of Mr. Trice contacting and harming Ms. Trice was something more than theoretical, it abused its discretion because there is no competent substantial evidence in the record to support such a finding. Cf. State Farm Mut. Auto. Ins. Co. v. Statsick, 231 So. 3d 528, 532-33 (Fla. 2d DCA 2017) ("The abuse of discretion standard . . . , although deferential, requires that the decision to exercise discretion . . . be supported by competent substantial evidence." (citing Sourcetrack, LLC v. Ariba, Inc., 34 So. 3d 766, 768 (Fla. 2d DCA 2010))).

To the extent the trial court concluded that the theoretical possibility of future contact between the parties was by itself sufficient to conclude that the circumstances underlying the injunction remained the same, that conclusion fails the

test of reasonableness the abuse of discretion standard embodies. See Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980). In that respect, this case is very close to the Fourth District's decision in Bush v. Henney, 175 So. 3d 930 (Fla. 4th DCA 2015). There, the trial court denied a motion to dissolve a permanent domestic violence injunction when the act of domestic violence occurred during an exchange of the parties' minor child. Id. at 930. The injunction had been in effect for fourteen years; there had been no violations of the injunction or contact between the parties; the enjoined party testified that he had no desire or intention of initiating such contact; and the minor child had reached the age of majority. Id. The Fourth District reversed and remanded for the entry of an order dissolving the injunction, holding that the scenario that justified the injunction no longer existed and that the continuation of the injunction served no valid purpose. Id. at 930-31; see also Spaulding, 150 So. 3d at 854 (reversing the denial of a motion to dissolve where the movant was serving a lengthy prison sentence and had not contacted the victim for over ten years); Baker v. Baker, 112 So. 3d 734, 735 (Fla. 2d DCA 2013). We reach the same conclusion in this case for similar reasons; the circumstances that existed in 2011 were very different from those that exist today, and there is no reason for a permanent injunction to remain in place.

The trial court's remarks at the closing of the hearing on Mr. Trice's motion to dissolve suggest that it was (understandably) concerned with Ms. Trice's testimony that she remains in fear of Mr. Trice. We do not consider that fear irrelevant. But a merely speculative fear of future violence cannot be enough to justify the never-ending existence of an injunction. For a domestic violence injunction to issue in the first place, there must be either an actual act of domestic violence or a reasonable fear that domestic violence is imminent. See § 741.30(1)(a), Fla. Stat. (2015); S.C. v. A.D., 67

- 7 -

So. 3d 346, 347-49 (Fla. 2d DCA 2011). Similarly, when a party seeks to extend a nonpermanent injunction against domestic violence, he or she must demonstrate that an additional act of domestic violence has occurred or that there is a reasonable fear of imminent domestic violence. See Giallanza v. Giallanza, 787 So. 2d 162, 164 (Fla. 2d DCA 2001) ("When moving for an extension of a preexisting injunction, the petitioner must establish either that additional domestic violence has occurred or that, at the time the petition for extension is filed, he or she has a continuing reasonable fear of being in imminent danger of becoming the victim of domestic violence."). But see Fla. Fam. L. R. P. 12.610(c)(4)(B) (indicating that requests for extensions of expiring injunctions require no specific allegations). Because a reasonable fear of imminent violence is a legally necessary predicate to the issuance and extension of a domestic violence injunction, it follows that a reasonable fear of imminent violence is also necessary to justify denying a motion to dissolve a domestic violence injunction that is otherwise supported by the requisite change in circumstances. See Sheehan v. Sheehan, 853 So. 2d 523, 525 (Fla. 5th DCA 2003) ("[I]n order to obtain an extension of a domestic violence injunction, the moving party must present evidence from which a trial court can determine that a continuing fear exists and that such fear is reasonable, based on all the circumstances."); Mitchell v. Mitchell, 198 So. 3d 1096, 1101 (Fla. 4th DCA 2016) (explaining that the question of a reasonable fear of imminent domestic violence "looks towards the immediate future rather than some distant possibility of trepidation"). For the same reasons that Mr. Trice has adequately shown a change of circumstances such that the scenario underlying the 2011 injunction no longer exists—including the geographic separation of the parties and the substantial passage of time without contact or incident—the evidence was not sufficient to permit the trial court to find a continuing

reasonable fear of imminent domestic violence.[2]  See, e.g., S.C., 67 So. 3d at 347-49 (reversing a duplicative domestic violence injunction because the petitioner's continued fear was not reasonable where the originally-issued injunction was based on a single, six-year-old incident and the enjoined party had affirmatively avoided any contact with the petitioner); Giallanza, 787 So. 2d at 164-65 (reversing order extending domestic violence injunction for the petitioner's lifetime where the petitioner did not allege further threats or acts of violence and did not show that she reasonably feared future violence).

Ms. Trice points to the 2011 incident in the work parking lot in arguing that she has a continuing reasonable fear of imminent violence.  We respectfully disagree. That encounter was six years old by the time of the hearing on the motion to dissolve and, even if one ignores Mr. Trice's uncontroverted testimony explaining his presence at the car, no one has testified or argued that the incident involved any violence or suggestion of violence by Mr. Trice.  See Gill v. Gill, 50 So. 3d 772, 774 (Fla. 2d DCA 2010) ("[A]n isolated incident of domestic violence that occurred years before a petition for injunction is filed will not usually support the issuance of an injunction in the absence of additional current allegations."); Jones v. State, 32 So. 3d 772, 774 (Fla. 2d DCA

_____

[2]There appears to be some tension in the cases as to whether it is the movant or the opponent who bears the burden of proof on the issue of a continuing reasonable fear of imminent domestic violence.  Compare Noe v. Noe, 217 So. 3d 196, 198-99 (Fla. 1st DCA 2017) ("The party opposing dissolution must demonstrate that he or she 'reasonably maintain[s] a fear of becoming a victim of domestic violence.' " (alteration in original) (quoting Alkhoury, 54 So. 3d at 642)), with Costanzo v. Costanzo, 941 So. 2d 1211, 1213 (Fla. 3d DCA 2006) (rejecting argument that opponent of a motion to dissolve had to prove a reasonable fear of violence and suggesting that this was a requirement only in motions to extend a nonpermanent domestic violence injunction).  We need not consider that issue here, however, because, as we show in the text, the evidence did not permit the inference of a continuing fear of imminent domestic violence that is reasonable, regardless of who bore the burden on the question.

2010) (holding that an incident where a former husband arrived at his ex-wife's place of work was not sufficient to show a reasonable fear of domestic violence because the "circumstances did not involve any violence or any threat of violence").

For the foregoing reasons, we hold that the trial court abused its discretion in finding that Mr. Trice failed to demonstrate the change in circumstances our cases on the dissolution of domestic violence injunctions require. We reverse the order denying Mr. Trice's motion to dissolve. On remand, the trial court shall enter an order granting Mr. Trice's motion and dissolving the injunction.

Reversed and remanded with instructions.

KHOUZAM and LUCAS, JJ., Concur.