DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ITZHAK BAK,**
Appellant,

v.

**JOYCE BAK,**
Appellee.

No. 4D20-1676

[January 19, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne Fahnestock, Judge; L.T. Case No. FMCE99-16808.

James V. Facciolo, III of Law Offices of James V. Facciolo, III, Fort Lauderdale, for appellant.

Jonathan Z. Schiller of Brinkley Morgan, Fort Lauderdale, for appellee.

MAY, J.

A former husband appeals an order denying his motion to dissolve a domestic violence injunction. He argues the trial court erred in denying the motion because he established a change in circumstances warranting the dissolution of the 22-year-old injunction because continuation of it would serve no valid purpose. We agree and reverse.

In June 1999, the former wife petitioned for a protective injunction against domestic violence against her former husband. Following a full evidentiary hearing, the trial court entered a permanent injunction. The court then dissolved the marriage.

Nearly thirteen years later, in April 2012, the former husband moved to dissolve the injunction. The trial court held an evidentiary hearing and denied the motion.

In 2014, the former husband again moved to dissolve the injunction, which was denied. At a rehearing, the trial court found the "most troubling" circumstance was that the parties' minor child still lived with

the former wife, and the former husband would make "immediate contact" with the former wife should the injunction be dissolved. While the minor child may have been the court's primary consideration, the court also found the former wife "ha[d] a reasonable maintenance of continuing fear of becoming a victim of domestic violence." The former husband appealed the order denying his motion; we affirmed. *See Bak v. Bak*, 187 So. 3d 1253 (Fla. 4th DCA 2016).

In November 2019, the former husband filed his third motion to dissolve the injunction. A different judge held an evidentiary hearing and again denied the motion. The former husband now appeals.

The former husband argues the trial court abused its discretion when it denied his motion to dissolve the injunction because: (1) he demonstrated sufficient changed circumstances; (2) the court did not give adequate weight to the collateral consequences resulting from the injunction; and (3) the court erroneously restricted his questions about the incident that led to the injunction.

The former wife responds that we cannot re-weigh factual issues and substantial, competent evidence supports the trial court's decision to deny the motion to dissolve the injunction.

"The standard of review of a court's ruling on a motion to dissolve an injunction is abuse of discretion if the order is based on factual matters, and de novo if based on legal matters." *Burtoff v. Tauber*, 85 So. 3d 1182, 1183 (Fla. 4th DCA 2012).

The former husband first argues the emancipation of the parties' last minor child was a sufficient change in circumstance to warrant dissolution of the injunction. He relies on the trial court's findings during the rehearing on his second motion to dissolve the injunction where the court stated its primary concern was the presence of the minor child in the former wife's home.

A court may dissolve a permanent injunction when changed circumstances make it equitable to do so. *Alkhoury v. Alkhoury*, 54 So. 3d 641, 642 (Fla. 1st DCA 2011). To show a domestic violence injunction should be dissolved based on changed circumstances, the movant needs to "demonstrate that the scenario underlying the injunction no longer exists so that continuation of the injunction would serve no valid purpose." *Id.*

Here, as the former husband argues, the judge who heard his second

motion to dissolve the injunction found the former wife had a reasonable fear of the former husband because a minor child remained in her home. By the time the current judge heard the third motion to dissolve the injunction, no children resided with the former wife.

Testimony also revealed the former wife had asked the former husband to come to her home to put up hurricane shutters. She had also asked him to stay with her during a hospital emergency room visit. He had dinner at her house on a couple of occasions and they had eaten at a restaurant once. In a 2000 deposition, the former wife testified that she no longer feared the former husband.

The record also reflects the former husband suffers collateral consequences because of the injunction. The former husband owns a high-end art moving company. He has been denied jobs when people learn that he had a restraining order in place. He is subjected to "regular and unnecessary searches of his business trucks" and interference with his international travel. And he has been denied loans by banks because some lenders check his record and see the injunction still in place.

While the original injunction was supported by competent, substantial evidence, the former husband has now been able to present evidence of a change in circumstances and the lack of a need for the injunction to remain in place. We have not overlooked the former wife's testimony that she still fears the husband and the injunction is the only reason the former husband keeps his distance. Nor have we overlooked that for over twenty years there have been no violations of the injunction and the parties seem to interact without a problem.

Given the record testimony of their interactions over the last twenty years and the change in circumstances, the former husband "demonstrate[d] that the scenario underlying the injunction no longer exists so that continuation of the injunction would serve no valid purpose." *See id.* We therefore reverse and remand the case to the trial court to dissolve the injunction.

*Reversed and Remanded.*[1]

GERBER and FORST, JJ., concur.

*    *    *

---

[1] We need not reach the evidentiary issue raised since we reverse the order denying the motion to dissolve the injunction.

*Not final until disposition of timely filed motion for rehearing.*