# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2127
Lower Tribunal No. 04-8937
_____

**Erwin A. Larios,**
Appellant,

vs.

**Ruth Guadalupe Larios, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos H. Gamez, Judge.

Landmark Legal, and Jason Scott Coupal (New Port Richey), for appellant.

Jesus R. Gonzalez, P.A., and Jesus R. Gonzalez, for appellee.

Before EMAS, SCALES, and LINDSEY, JJ.

LINDSEY, J.

Appellant Erwin A. Larios ("Former Husband") appeals the trial court's denial of his motion to dissolve a Final Judgment of Injunction for Protection Against Domestic Violence. This injunction was entered against him in 2004 in favor of his ex-wife, Appellee Ruth Guadalupe Larios ("Former Wife"). The sole issue on appeal is whether the trial court reversibly erred in denying Former Husband's motion to dissolve. We conclude that it did. Because circumstances have changed such that the injunction no longer serves a valid purpose, and there is no competent substantial evidence that Former Wife has a continuing, reasonable fear of imminent violence without the injunction, we reverse.

## I. INTRODUCTION AND BACKGROUND

The following facts are undisputed. The parties met in the summer of 2003, when Former Wife was living in her native Panama and Former Husband was stationed at the United States Embassy there as a member of the United States Air Force. The parties were married in October 2003. Former Husband's rotational duty required the couple to travel frequently, and during these trips, they stayed together at various hotels.

The parties' relationship quickly disintegrated. In March 2004, Former Wife made a report to the United States Embassy, alleging that Former Husband was abusing her both verbally and physically. The United States

2

Air Force then issued a military no-contact order, which prohibited Former Husband from contacting Former Wife.

On April 5, 2004, Former Wife filed a Petition for Protection Against Domestic Violence Without Minor Child(ren) in Miami-Dade County, alleging that Former Husband was verbally and physically abusive on multiple occasions. On April 23, 2004, Former Husband filed a Petition for Dissolution of Marriage.[1] In May 2004, the lower court issued a Final Judgment of Injunction for Protection of Domestic Violence without Minor Children (After Notice). This injunction indefinitely prohibited Former Husband from contacting Former Wife. In October 2004, the trial court entered a Final Judgment of Dissolution of Marriage.

On March 2, 2021, Former Husband filed a motion to dissolve the injunction. In the motion, he alleged that circumstances had changed such that the injunction no longer serves a valid purpose. Significantly, he asserted that there had been no contact between the parties, that he has remarried and resides with his new family, and that he had spent the intervening years serving in the United States Air Force. He indicated his

---

[1] In his motion to dissolve the injunction, Former Husband alleges that he originally agreed to the entry of final judgment on the injunction on his counsel's advice, so that Former Wife would not contest the dissolution of marriage and the two could go their separate ways.

desire to retire from the military and utilize his intelligence experience in civilian roles, and he expressed concern that the injunction would hinder him.[2]

On July 6th, July 14th, and August 11th, 2021, the trial court conducted an evidentiary hearing via Zoom on Former Husband's motion to dissolve the injunction. Former Husband testified as to the events leading up to the injunction, as well as the circumstances that have changed since its entry. It was undisputed that during the 17 years since the injunction, Former Husband has complied and has had no contact with Former Wife. He has remarried, and he lives in a different city from Former Wife. Former Husband has also served in the United States Air Force for over 20 years, is currently serving as a colonel, and has had—and continues to have—Top Secret security clearance for 22 years. Former Wife and her mother focused their testimony on the events surrounding the entry of the injunction back in the early 2000s, and Former Wife's continuing fear of Former Husband based on those past events, but they did not dispute Former Husband's testimony as to the change in circumstances.

---

[2] Former Husband indicated that the injunction appeared in a background check when he applied to teach Sunday school, which is one reason he has concerns that it will affect his ability to obtain a civilian position.

4

In September 2021, the trial court denied Former Husband's motion without any specific findings of fact, stating only that "[b]ased on the Court's assessment of the live testimony, the review of the extensive exhibits and the respective contents of same, weighing the creditability [sic] of the witnesses and the totality of the circumstances giving rise to this matter," that Former Husband had "failed to establish the requisite change in circumstances wherein the underlying Final Judgment would serve no valid purpose."

Former Husband timely appealed.

## II. STANDARD OF REVIEW

The trial court has "broad discretion in granting, denying, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, appellate courts will not disturb the trial court's decision." Simonik v. Patterson, 752 So. 2d 692, 692-93 (Fla. 3d DCA 2000). And "[i]f reasonable [people] could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Noe v. Noe, 217 So. 3d 196, 199 (Fla. 1st DCA 2017) (internal quotations omitted).

## III. ANALYSIS

Pursuant to § 741.30(6)(c), Florida Statutes (2022), "[t]he terms of an injunction . . . shall remain in effect until modified or dissolved. Either party

5

may move at any time to modify or dissolve the injunction." "[B]ecause permanent injunctions are open-ended and everlasting, they must be subject to dissolution when the circumstances that justified such an injunction are no longer operative." Trice v. Trice, 267 So. 3d 496, 499 (Fla. 2d DCA 2019).

A party who seeks to dissolve a domestic violence injunction bears the burden of showing "'that there has been a change in circumstances since the injunction was entered' such 'that the scenario underlying the injunction no longer exists so that the continuation of the injunction would serve no valid purpose.'" Id. (quoting Spaulding v. Shane, 150 So. 3d 852, 853 (Fla. 2d DCA 2014)); see also Alkhoury v. Alkhoury, 54 So. 3d 641, 642 (Fla. 1st DCA 2011) ("[A] party, against whom a domestic violence injunction has been entered, must, if such party seeks to dissolve the injunction, demonstrate that the scenario underlying the injunction no longer exists so that continuation of the injunction would serve no valid purpose."); Simonik v. Patterson, 752 So. 2d 692 (Fla. 3d DCA 2000) ("In the absence of evidence that the circumstances have changed, we find no abuse of discretion in the denial of the motion to modify."); Hinson v. Hussey, 317 So. 3d 219 (Fla. 3d DCA 2021) (citing Trice, Alkhoury, and Simonik).

For example, in Trice, the Second District considered the following changes in circumstances to determine whether an injunction continued to

6

serve a valid purpose: (1) the ex-husband had been acquitted of the criminal charges arising from the domestic violence event; (2) the parties' marriage had been dissolved; (3) the ex-husband had moved and was living in a new state; (4) the ex-wife had moved and was living in a new country; (5) the ex-husband had retired from the military, while the ex-wife continued on; (6) the parties had not seen each other in six years; and (7) the ex-husband had made no effort to contact the wife for those six years.  267 So. 3d at 499-500.  The court concluded "that any future contact between the parties is exceedingly unlikely and that the continuing existence of the injunction is precluding Mr. Trice from obtaining employment." Id. at 500; see also Hobbs v. Hobbs, 290 So. 3d 1092 (Fla. 1st DCA 2020) (holding that the trial court erred in denying a motion to dissolve a domestic violence injunction entered 18 years prior; the ex-wife's fear of domestic violence was subjective and based on speculation, so it was insufficient to support the continuance of the injunction); Bush v. Henney, 175 So. 3d 930 (Fla. 4th DCA 2015) (holding that the trial court erred in denying a motion to dissolve a domestic violence injunction entered 14 years prior, where the movant had never violated the injunction and its continued existence affected the movant's ability to travel overseas).

7

Here, it is undisputed that Former Husband has never been investigated by law enforcement or formally charged with any crime related to the alleged domestic violence, either by civilian or military authorities. The parties' marriage has been dissolved. Both parties are geographically separate: Former Husband lives in Tampa, while Former Wife resides in Miami. Former Husband does not know Former Wife's address. Former Husband has had no incidents of domestic violence since the injunction. Former Husband has remarried and risen through the ranks of the United States Air Force, and he has held Top Secret clearance for the past 22 years. And finally, Former Husband has not contacted Former Wife since the injunction was entered.

Though Former Wife does not dispute that circumstances have changed, she maintains that she has a continuing fear of imminent domestic violence from Former Husband, and therefore the injunction still serves a valid purpose. See Trice, 267 So. 3d at 501 ("Because a reasonable fear of imminent violence is a legally necessary predicate to the issuance and extension of a domestic violence injunction, it follows that a reasonable fear of imminent violence is also necessary to justify denying a motion to dissolve a domestic violence injunction that is otherwise supported by the requisite change in circumstances."). However, a "merely speculative fear of future

8

violence cannot be enough to justify the never-ending existence of an injunction." Id. at 500; see also Hobbs, 290 So. 3d at 1096 ("[S]ubjective fear is not enough to maintain a permanent injunction." (citing McMath v. Biernacki, 776 So. 2d 1039, 1040 (Fla. 1st DCA 2001))).

## IV. CONCLUSION

We agree that, based on Former Wife's testimony, the trial court could have found that Former Wife continued to fear Former Husband. However, the standard requires that for the injunction to continue, the fear must be reasonable. See Trice, 267 So. 3d at 500 ("To the extent the trial court concluded that the theoretical possibility of future contact between the parties was by itself sufficient to conclude that the circumstances underlying the injunction remained the same, that conclusion fails the test of reasonableness the abuse of discretion standard embodies."). It is undisputed that the parties' circumstances have changed significantly, and there is no competent substantial evidence in the record to support a finding of a continuing, reasonable fear of imminent violence based on anything that has occurred since the injunction was entered in 2004. For these reasons, we reverse the order on appeal and remand with instructions to grant Former Husband's motion to dissolve the injunction.

Reversed and remanded with instructions.

9